## Allen v. Foth, et al.

(Decided September 29, 1925.)

## Appeal from Graves Circuit Court.

1. Executors and Administrators—Widow as "Distributee" of Deceased Husband May Bring Action to Sell His Land, and One Purchasing at Such Sale Gets Good Title.—Under Ky. Stats., sections 1403, 2132, relating to widow's share in personal property of intestate husband, and Civil Code of Practice 489, relating to sale of vested estate of infants, and section 428 permitting distributee to sue for settlement of estate of deceased, widow is "distributee" of deceased husband and may sue to sell his land for payment of debts and division of estate, and one buying at such sale obtains good title and may not refuse to accept it.

2. Executors and Administrators—Appointment of Administrator Held Unnecessary, Where There Was Nothing to go Into Hands of Personal Representative.—Where there was nothing to go into hands of personal representative, appointment of administrator for deceased person was unnecessary.

3. Descent and Distribution—Widow is Not "Heir" of Husband.—A widow is not an "heir" of her husband, but she is distributee of his estate, under Ky. Stats., sections 1403, 2132.

4. Descent and Distribution—"Heir" is Included in Word "Representative."—Under Civil Code of Practice, section 732, subsection 19, "heir" is included in word "representative."

W. J. WEBB for appellant.

T. J. MURPHY for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

Charlie Foth died a resident of Graves county, intestate, leaving surviving him his widow, Lura Foth, and two infant daughters under fourteen years of age. He owned at his death no personal property except an automobile and the property that should be set apart as exempt to the widow and infant children. There was a mortgage lien upon the automobile for $300.00 and other debts amounting in all to $598.00. He owned a tract of 49 acres of land, also another tract of 29 acres on which he resided. After his death the widow, Lura Foth, brought this action against his two daughters and his creditors in which she alleged the above facts, also that the 29 acres of land was not worth exceeding $1,000.00, and that the 49 acres of land could not be divided without materially impairing its value, and that a sale of this

tract of land for the payment of the debts was necessary and to the interest of all parties. She also alleged that the holder of the mortgage lien on the automobile had taken it, agreeing to credit its debt by $100.00, and that all the remainder of the personal property left by her husband had been set apart to her by appraisers. The infants were duly brought before the court; an answer was filed for them by the guardian *ad litem;* the creditors presented and proved their claims; proof was taken as to the divisibility of the land and showed that a sale of the 49 acre tract was necessary and to the interest of the infants. Commissioners were appointed to allot a homestead to the widow and infant children. They allotted the 29 acre tract as a homestead and their report was confirmed. The case was duly submitted to the court, which rendered a judgment for the sale of the 49 acres of land. The sale was made. V. E. Allen purchased at the sale and the sale was reported to the court. He filed exceptions to the sale on the ground that the proceedings were illegal and unwarranted and did not divest the infants of title. The court overruled the exceptions and confirmed the sale. Allen appeals.

It is insisted for appellant on the appeal that the widow was not authorized to bring the action. Section 489 of the Code provides:

"A vested estate of an infant or of a person of unsound mind, in real property, may be sold by order of a court of equity—

"For the payment of any debt or liability of his ancestor or devisor with which he may be legally chargeable, in an action brought against him pursuant to section 428; or in an action brought against him by a creditor of the ancestor or devisor, unless it be enjoined pursuant to section 436."

Section 428 provides:

"A representative, legatee, distributee or creditor of a deceased person may bring an action in equity for the settlement of his estate (provided that no such suit shall be brought by any of the parties named except the personal representative until the expiration of six months after the qualification of such representative)."

It will thus be seen that the infant's land may be sold for the payment of the debts of his ancestors in an action

brought against him pursuant to section 428. It also appears by section 428 that such an action may be brought by the distributee of the deceased person. The question presented, therefore, turns on whether the widow is a distributee of the deceased. By sections 1403 and 2132, Kentucky Statutes, one-half of the surplus of the personal estate of an intestate, after payment of funeral expenses and debts, shall be distributed to the widow. In addition to this, personal property to the amount of $750.00 is exempt from distribution and sale, and shall be set apart to the widow and infant children. Under this statute the widow is a distributee of the personal estate, which the statute directs to be distributed to her, and being a distributee she is authorized by section 428 to bring an action for the settlement of the estate. In Holburn v. Pfanmiller, 114 Ky. 831, and Hall v. Metcalfe, 114 Ky. 886, it was held that where there is no personal estate for a personal representative to administer it is not necessary that a personal representative should be appointed, and that in such case if a personal representative is appointed he can not charge the estate with the cost of the action which he brings. Under the rule there laid down it was unnecessary here to have an administrator appointed, for there was nothing to go into the hands of a personal representative, the lien on the automobile being for three times its value. The widow was not an heir of her husband. Higginbotham v. Higginbotham, 177 Ky. 271. But she is a distributee of her husband's estate. Kent v. Deposit Bank, 91 Ky. 70. The heir is included in the word *representative*. (Code, section 732, subsection 19.) The word distributee in section 428 must, therefore, refer to the personal estate and includes any one to whom it passes on the death of the decedent. It is not material whether the interest of the distributee is small or great. The widow as a distributee is vitally interested in the settlement of the estate. The obvious purpose of the legislature in using the word distributee was to allow the action to be brought by one of the distributees, although such distributee might not be an heir. We, therefore, conclude that the action was properly brought and that appellant obtained good title by his purchase. The land did not sell for enough to pay the debts, but no creditor is complaining.

Judgment affirmed.