# Carpenter, et al. v. Wilhoit's Administratrix, et al.

(Decided February 16, 1926.)

## Appeal from Boone Circuit Court.

1. Appeal and Error—Judgment of Chancellor Will Not be Disturbed, where Facts of Whole Case Leave Mind in Doubt.—Judgment of chancellor on questions of fact will not be disturbed on appeal, where on the whole case the mind is left in doubt.

2. Partition—Finding that Property was Indivisible Sustained.—In suit by the administratrix of one of remaindermen for partition, finding that 40-acre tract, valuable for farm purposes, and on which there was a 9-room brick house and a barn, worth more than one-half of the land, was indivisible, held sustained by evidence.

3. Executors and Administrators—Widow Authorized to Bring Action for Settlement of Estate Under Statute.—Although deceased left no personal property except such as was set aside to widow as exempt, the widow is a distributee of the estate, and is authorized by Civil Code of Practice, section 428, to bring an action for settlement of the estate.

4. Partition—Bond to Nonresident Owners Need Not be Executed Before Sale in Action for Partition.—In action under Civil Code of Practice, section 490, subd. 3, which is an amendment to subdivision 2, by the widow of a remainderman for partition, execution of bond to nonresident defendant, held not required before the sale, in view of section 497, and notwithstanding section 410, although court may require bond of persons receiving the money before shares of nonresidents are paid.

S. W. TOLIN for appellants.

B. H. RILEY for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

Milton Wilhoit died testate many years ago the owner of a 40-acre tract of land on which he resided. By his will he devised the land to his wife for life and at her death to be equally divided between his son, Ezra Wilhoit, and the children of his daughter, Dell Carpenter. The wife died before her husband. Ezra Wilhoit died in the year 1923 intestate and childless. His undivided one-half interest in the 40-acre tract, subject to the dower right of his widow, Ida Wilhoit, descended to his sister, Del Carpenter, and certain nephews and nieces. After her husband's death Ida Wilhoit qualified as the administratrix of his estate and filed this action individually

and as administratrix under section 428 of the Civil Code to settle his estate and under section 490 of the Civil Code to sell the 40 acres as a whole for a division of the proceeds according to the interests of the joint owners, alleging that the land was indivisible. The children of Del Carpenter filed answer denying that the land was indivisible and opposing a sale of it for division of the proceeds. Proof was taken; the circuit court entered judgment as was prayed in the petition; the children of Del Carpenter appeal.

It is earnestly insisted that under the proof the circuit court erred in holding the property indivisible and that under the proof the half interest of Del Carpenter's children should have been set apart to them. But on questions of fact like this, this court gives weight to the judgment of the chancellor and does not disturb his conclusion on the facts where on the whole case the mind is left in doubt. The 40 acres lies in a long parallelogram about 250 yards wide and more than twice as long. There is on it a nine-room, well-built brick house and a barn. Under the weight of the evidence the house is worth more than one-half the land. To divide the land would be to cut it in two long strips, each of which would necessarily be reached by going up a road in a creek bed. The weight of the evidence sustains the conclusion of the chancellor that the land is valuable for farming purposes rather than when cut into small lots for building purposes, and on all the facts the court does not see that the chancellor erred in holding the property indivisible without materially impairing the value of the interests of the owners.

It is also insisted that the plaintiff was without authority to bring the action under section 428 of the Code, because it is shown in the petition that Ezra Wilhoit left no personal property except such as was set apart to the widow as exempt. But in Allen v. Foth, 210 Ky. 343, it was held that the widow is a distributee of the estate and receives all the personal property that comes to her from the estate as such distributee and that though not an heir she is authorized by section 428 of the Code to bring an action for the settlement of the estate.

It is also insisted that no bond was executed to the nonresident defendants as provided in section 410 of the Code. But this proceeding for the sale of the land is regulated by section 490 of the Code, and by that section, subsection 3, which is in substance an addition to the orig-

inal subsection 2 of the section, the widow is authorized to bring the action which her husband might have brought for the division of the estate, and by section 497 of the Code no bond is required before a sale made under subsection 2 of section 490. In such cases the share of the infant or person of unsound mind remains a lien on the land until the proper bond is given as therein provided. The commissioner's report here shows that the debts of the estate are more than $2,500.00, and before the shares of the nonresident are paid out the court may require a bond to be executed by the persons receiving the money, but it was unnecessary that such a bond should be executed before the sale. While section 497 of the Code only includes sales made under subsection 2 of section 490 and this sale was made under subsection 3 as printed in the Code, still subsection 3 is in substance only an amendment to subsection 2. It authorizes the widow here to bring the suit named in subsection 2, which she could not have done under the original act; but the sale when made on the petition of the widow is in substance a sale made under subsection 2 for the division of the proceeds. This is the necessary meaning of the statute taken as a whole.

On the whole case no error is perceived to the prejudice of appellant's substantial rights.

Judgment affirmed.