Reversing.
This is an action under the declaratory judgment act. On the 8th day of September, 1919, George H. Robson died intestate, the owner of several pieces of real estate situated in Campbell county, Kentucky, and leaving surviving him as his only heirs at law his widow, Clara Robson, appellee herein, and their son, George Haddon Robson, an infant of seven years of age, who by his guardian ad litem is the appellant herein. Thereafter *Page 627 
the appellee was appointed and qualified as the statutory guardian of this infant son. She then brought an action in Campbell circuit court under subsection 3 of section 490 of the Civil Code to obtain a sale of the real estate left by her late husband and a division of the proceeds of such sale between herself and son according to their respective interests in the realty. On October 10th, 1925, and before the judgment was entered in that action, the appellee undertook to execute the bond required by section 493 of the Civil Code, but through oversight she had only one surety on it instead of two as the Code requires. On October 14, 1925, the judgment ordering the sale of the property was entered and later the property was sold under that judgment, the appellee becoming the purchaser. No exceptions being filed to the sale, it was, in due course of time, confirmed and deeds to appellee were executed by the master commissioner. The appellee then discovered the defect in the bond executed on October 10, 1925, whereupon the court permitted her to execute a new bond with the two sureties required by the Code, his order reciting: "Said bond is now examined and approved by the court and treated as signed and executed as of said date, to-wit, the 10th day of October, 1925, and is ordered filed."
Thereafter appellee undertook to mortgage some of the property she had bought in this judicial sale and the question arose as to the validity of her title, the proposed mortgagee contending that the sale under which she bought was void because the bond required by section 493 of the Civil Code had not been executed before the judgment in the manner required by that section of the Code, and further that she took no valid title under the sale, conceding the judgment ordering it was valid, because as guardian of her infant son she could not purchase the property of her ward in a sale brought about by her suit for that purpose.
The appellee then brought this action against her infant son seeking a declaration of their respective rights with reference to the objections raised by the proposed mortgagee. The lower court adjudged that section 497 of the Civil Code controlled as to the time of the execution of the bond here in question; that the failure to execute the bond prior to the judgment ordering the sale did not invalidate it; and that, by its execution after the sale, the lien on the land to secure the share of the infant as defined in section 497 of the Code was dissolved. The *Page 628 
court further adjudged that the appellee had a right to purchase the property at the judicial sale and that she acquired a valid title to the same free from any claim of her infant ward. From this judgment the guardian ad litem of the infant son prosecutes this appeal for him.
Section 493 of the Civil Code provides that subject to the provisions of sections 491, 496, 497 and subsections I and 2 of section 498 of the Civil Code, the bond therein required must in all cases be executed before the sale is ordered, and we have held that unless this be done the sale will be void. Cornell v. Cornell, 131 Ky. 650, 115 S.W. 795. Section 497, to the provisions of which section 493 is subject, provides that in the action mentioned in subsection 2 of section 490, the share of the infant shall not be paid by the purchaser but shall remain a lien on the land until the infant comes of age or the guardian executes the bond required by section 493, and we have held that in a sale under this subsection 2 of section 490 it is not necessary that the bond required by section 493 be executed before the sale is ordered. Hatterich v. Bruce,151 Ky. 12, 151 S.W. 31. It will be noted, however, that section 497 does not in terms refer to subsection 3 of section 490. Subsection 3 of section 490 is chapter 119 of the Acts of 1916, which is entitled:
 "An Act to amend section 490 of the Civil Code of Practice concerning the sale of real property and to authorize the confirmation of certain sales heretofore made."
In the recent case of Carpenter v. Wilhoite's Admx., decided Feb. 16, 1926, 213 Ky. 75, 280 S.W. 481, involving the same question here presented, we said:
 "While section 497 of the Code only includes sales made under subsection 2 of section 490, and this sale was made under subsection 3, as printed in the Code, still subsection 3 is, in substance, only an amendment to subsection 2. It authorizes the widow here to bring the suit named in subsection 2, which she could not have done under the original act; but the sale, when made on the petition of the widow, is, in substance, a sale made under subsection 2 for the division of the proceeds. This is the necessary meaning of the statute taken as a whole."
We there held that a compliance with section 497 of the Code is all that is required in a sale under subsection *Page 629 
3 of section 490. It therefore follows that as this was a sale under subsection 3 of section 490 it was not necessary to the validity of the sale that the bond required by section 493 be executed before the sale was ordered, and as it has since been executed the lien to secure the infant's share mentioned in section 497 has thereby been dissolved. This far the judgment of the lower court is correct.
On the other branch of the case, it is well settled that, if a guardian purchases the property of his ward at a judicial sale in proceedings brought by him for such purpose, although the sale is not void if confirmed by the court, it is voidable at the election of the infant and if avoided by him the guardian holds the land as trustee for him. See Harris v. Hopkins, 166 Ky. 147, 179 S.W. 14; Morrison v. Garrott, 15 Ky. L. R. 305, 22 S.W. 320; Schlickman v. Dusing, 180 Ky. 506,203 S.W. 295. While conceding this rule, the appellee seeks to avoid its effect on the ground that as she had an individual interest in this property she had the right in order to protect that interest to bid at the sale, and, if successful, to take a valid title free from any claims of her ward. Exactly the same argument was made in the analogous case of executor who purchased at a judicial sale in proceedings brought by him for such purpose, the lands of his decedent in which he had an individual interest. Conrad v. Conrad, 152 Ky. 422,153 S.W. 740. In refusing to follow that argument, we said:
 "Overton L. Conrad, the executor, was one of the purchasers at the sale. The rule is well settled that a personal representative, who buys at a sale, holds the property as trustee for those whom he represents. Overton L. Conrad, as executor, was one of the plaintiffs in the action, and the sale was made upon his petition. The rule that a trustee, who buys at his own sale, holds the property in trust for the beneficiaries of the trust has been often announced by this court. But it is insisted that, as Overton L. Conrad had a life estate in one-half of the land, he had a right to buy at the sale to protect his personal interest; and that therefore the rule referred to should not apply. We cannot accept this view. It often happens that one of the heirs or devisees is the personal representative. If the exception suggested was sustained, it would destroy the rule practically; for then the personal representative might *Page 630 
always bid at the sale and obtain a good title, if he had any interest in the property. In not a few of the cases which have been decided, and in which the rule was applied, the person who was the personal representative was an heir or devisee; and the reason for the rule as to all the property outside of his interest is the same in one case as the other. . . . While there are cases sustaining the view suggested by counsel (18 Cyc. 771) they are not in keeping with the principles on which the rule rests. If the executor would purchase at the sale, he should first be released from his trust, so that he will not occupy a dual position."
The principle laid down in this Conrad case is conclusive of the second question here raised. A guardian is as much a fiduciary as an executor or administrator. If the latter may not purchase the lands of a decedent in which he has an individual interest at a judicial sale, so as to take a valid title free from any claim of the beneficiaries of such decedent in such realty, neither should the former. It results, therefore, that the appellee, because she had a dower interest in the property here in question, was not privileged, being the guardian of her infant son who held the rest of the interest in that property, to purchase that realty at a judicial sale in proceedings brought by her for that purpose, so as to take a title free from any claim of the infant. She comes within the general rule, and although the sale to her is not void, it is subject to being avoided at the election of the infant. In so far as the judgment of the lower court held otherwise, it is erroneous and for that reason is reversed with instructions to enter a judgment in conformity to this opinion.