TERRAL *v.* TERRAL, ADMX.

4-8282                                    205 S. W. 2d 198

Opinion delivered November 3, 1947.

Rehearing denied December 8, 1947.

222

*Henry W. Smith, House, Moses & Holmes* and *Horace* Jewell, for appellant.

*Williamson & Williamson,* for appellee.

ROBINS, J. One of the appellants, Mrs. N. T. Terral, mother of E. S. Terral, deceased, filed in the chancery court a petition against appellee, Mrs. E. S. Terral, his widow and administratrix, alleging that E. S. Terral died intestate on September 10, 1945, leaving him surviving his widow, appellee Mrs. E. S. Terral, and no descendants; that the intestate at his death owned property of the value of $156,000, besides property of the value of $96,000 held by him and his wife, appellee Mrs. E. S. Terral, as tenants by the entirety, and United States govern-

ment bonds of the value of $30,000 issued to himself and others. It was further alleged that appellee, as administratrix of her deceased husband's estate, was about to pay all state and federal death taxes out of the share of said appellant in her deceased son's estate, without paying from said appellee's share the proportionate share due from her.

The petition concluded with a prayer that the court order said appellee as such administratrix to pay said death taxes and to charge same proportionately to the entire estate left by E. S. Terral, deceased, and that said appellee be enjoined from paying over to herself as widow any part of the property of said estate until said death taxes were paid.

By an amendment to the petition it was alleged by appellant that said appellee was claiming in her own right, as surviving tenant by the entirety, certain described real estate, owned by the Tillar Mercantile Company, a partnership, in which E. S. Terral, deceased, owned an undivided 25/240th interest; that on November 26, 1927, said E. S. Terral executed a deed, by which he attempted to convey this undivided interest to R. H. Wolfe, and on November 30, 1927, Wolfe and his wife executed a deed by which they attempted to convey this interest (25/240th share in said partnership lands) to E. S. Terral and Carr M. Terral (appellee), husband and wife, as tenants by the entirety with right of survivorship; but it was charged in this amendment that both said deeds were of no effect because the said E. S. Terral could not convey his interest in specific partnership property so as to create an estate by the entirety. It was also alleged in this amendment that prior to his death said E. S. Terral had taken numerous promissory notes, secured by real estate, which notes were made payable to Edward S. Terral or Mrs. Carr M. Terral (appellee), and others were made payable to Edward S. Terral, and that appellee was claiming said notes as her own, and that she should be required to account therefor, as well as certain bonds payable to her and her husband, in her administration. It was prayed that the deeds to the part-

nership lands be declared to be of no effect and that the interest of E. S. Terral therein be declared to be a part of his estate, and that appellee be enjoined from disposing of any of the property except for purposes of administration of the estate.

Appellants, Troy Terral, Eula Terral, Mrs. J. F. Jones, Ellen Gammil and Nettie Terral, filed an intervention in which they alleged that they, as the only surviving brother and sisters of the said E. S. Terral, deceased, with their mother, appellant Mrs. N. T. Terral, were the only heirs at law of said E. S. Terral, deceased; and they adopted the pleadings filed by their mother and asked the same relief.

Appellee, in her answer, admitted the relationship of the parties, as set forth in the petition and intervention. She alleged that she was entitled to have set aside to her as her dower one-half in value of all property owned by E. S. Terral at his death, exclusive of the property owned by her and her husband as tenants by the entirety and the government bonds; that it was necessary to consider the value of all property in determining the amount due for federal and state estate taxes, but that she, as administratrix, proposed to pay said taxes out of property other than the property held as an estate by the entirety and the United States bonds and property other than the property belonging to her as her dower and as her allowance under §§ 80, 82, 84, and 86, Pope's Digest, of the laws of Arkansas; and that none of said share and property belonging to her as widow and as surviving tenant by the entirety and the United States government bonds was chargeable with any part of said federal and state estate taxes. Appellee asked the court to direct her to pay the said estate taxes out of the assets of the estate of E. S. Terral, deceased, after assignment of dower and statutory allowances to her, exclusive of property held by appellee as surviving tenant by the entirety, and of the United States bonds; that the court make said assignment and also adjudicate whether she as administratrix should assert title to any of the said property claimed by her as surviving tenant by the entirety.

Appellee also filed an intervention, separate answer, and cross complaint and a supplemental answer and cross complaint in which she asked that her title to described personal property (including certain promissory notes payable to her and her deceased husband and some payable only to her husband, but all secured by real estate mortgages to her and her husband) be confirmed, and that the title to the interest in the partnership real estate be confirmed in her.

None of the parties has raised any question below or here as to the jurisdiction of the chancery court to adjudicate all phases of this controversy.

The lower court decreed:

(1) That such of the promissory notes executed by Mrs. Baradel and the Tanners, J. M. Scales and wife, and E. R. Pounders and wife as appeared to be payable only to E. S. Terral should be so reformed as to show E. S. Terral and the appellee as payees, and that said notes, as well as the other notes originally made payable to E. S. Terral and appellee were the sole property of appellee as surviving tenant by the entirety.

(2) That none of the United States bonds described in the pleadings was a part of the estate of E. S. Terral, deceased.

(3) That the deeds executed by Terral and his wife to Wolfe and from Wolfe to Terral and his wife (by which appellee claimed an estate by the entirety was vested in her husband and herself in the interest of Terral in lands of the Tillar Mercantile Company) were null and void and that the interest of Terral in these partnership lands was a part of the Terral estate.

(4) That no part of the estate (federal or state) taxes was chargeable against or payable from the property belonging to appellee as surviving tenant by the entirety or from property belonging to her as dower or as her statutory allowances.

Appellants contend here that those portions of the decree by which reformation of the promissory notes was

granted and by which that part of the property going to appellee as dower and for statutory allowances was absolved from liability for estate taxes were erroneous.

Appellee, on her cross appeal, urges that the lower court erred in refusing to award to her as surviving tenant by the entirety the undivided 25/240th interest in the partnership lands.

These questions are presented by this appeal:

1. Should a proportionate part of federal and state estate taxes be charged to a surviving tenant by the entirety, and to surviving payee of government bonds, and to a widow on her dower and statutory allowances?

2. Was the evidence sufficient to authorize the reformation of the promissory notes made payable to E. S. Terral alone so as to make them payable to E. S. Terral and appellee?

3. Did the deed from Terral and wife to Wolfe and the deed from Wolfe and wife to Terral and appellee create an estate by the entirety, under which, at Terral's death, the entire interest in the partnership lands vested in appellee?

I.

It has been frequently held by the Supreme Court of the United States that the federal government is not concerned as to who shall finally pay the federal estate tax; and no federal statute attempts to regulate the incidence of such tax. The most recent ruling on this subject was in the case of *Riggs* v. *Del Drago,* 317 U. S. 95, 63 S. Ct. 109, 87 L. Ed. 106, 142 A. L. R. 1131, in which the court said: "We are of the opinion that Congress intended that the federal estate tax should be paid out of the estate as a whole and that the applicable state law as to the devolution of property at death should govern the distribution of the remainder and the ultimate impact of the federal tax."

In the case of *Thompson* v. *Union & Mercantile Trust Company,* 164 Ark. 411, 262 S. W. 324, 37 A. L. R. 536,

conformably with the above rule, we held that the federal statute did not fix the ultimate source of payment of the federal estate tax, and that since all claims of every sort against an estate are ordinarily paid out of the part of the estate to be distributed to the heirs, none of this tax was payable out of the widow's dower. Our holding on this question was in accord with that in a majority of the states where the same question had arisen, though there are decisions to the contrary. *Billings* v. *People,* 189 Ill. 472, 59 N. E. 798, 59 L. R. A. 807; *Corporation Commission* v. *Dunn,* 174 N. C. 679, 94 S. E. 481, L. R. A. 1918F, 498, Ann. Cas. 1918D, 1086.

Appellants, to support their contention that appellee's dower and interest as surviving tenant of an estate by the entirety is liable for a proportionate share of the state and federal estate taxes, urge that the rule announced in the Thompson case, *supra,* has been abrogated by Act No. 99 of the General Assembly of Arkansas, approved February 24, 1943, which was as follows:

"An Act to Determine the Incidence of State and Federal Estate Taxation.

"Be It Enacted by the General Assembly of the State of Arkansas:

"Section 1. Except as otherwise directed by the decedent's will, the burden of any State and Federal Estate, Death and Inheritance Taxes paid by the executor or administrator shall be spread proportionately among the distributees, and/or beneficiaries of the estate, so that each shall bear his proportionate part of said burden.

"Section 2. That all Acts and parts of Acts in conflict herewith be, and the same are hereby repealed, and this Act shall take effect and be in force from and after its passage."

Appellee argues that this statute does not control here because a widow of an intestate is not a "distributee" or a "beneficiary" of an estate, and hence her part of the property of the intestate is not affected by the

enactment requiring that estate taxes shall be "spread proportionately among the distributees, and/or beneficiaries of the estate."

It is necessary, therefore, that we determine what persons the Legislature intended to include in the terms "distributees and/or beneficiaries of the estate." If these words refer only to the heirs or legatees or devisees of a decedent, and not to a surviving spouse, appellee's contention that her portion of the estate is exempt must be sustained. On the other hand, if the Legislature meant to include a surviving spouse when it used these words, then the lower court erred in upholding appellee's claim to exemption.

One rule of construction, often relied on by the courts in deciding the meaning of words in a statute, is that courts will consider the usual and ordinary interpretation of the words, and will also consider them in reference to the subject matter in the minds of the legislators.

Now this court, in the Thompson case, *supra,* decided in 1924, had determined that a widow's dower was exempt from federal estate taxes; and the Supreme Court of the United States had, about sixty days before the convening of the 1943 General Assembly, handed down its opinion in the case of *Riggs* v. *Giovanni Del Drago, supra,* in which the power of the states to fix the incidence of the federal estate tax was emphasized and in which the validity of a New York statute, which, among other things, required a widow to bear her proportionate share of estate taxes, was upheld.

A Legislature is presumed, in enacting a statute, to have had in mind court decisions pertaining to the subject legislated on and to have acted with reference thereto. *Merchants' Transfer & Warehouse Co.* v. *Gates,* 180 Ark. 96, 21 S. W. 2d 406; *Texarkana Special School District* v. *Consolidated Special School District No. 2,* 185 Ark. 213, 46 S. W. 2d 631.

If the Legislature had intended to continue in force the rule laid down in the Thompson case, *supra,* it is rea-

sonable to assume that in providing for distributing the impact of federal and state estate taxes, apt and unmistakable language, to exclude from payment of such taxes the property received by the surviving spouse of the intestate, would have been used in the Act. No such language was used, but the Act provides for an equal and proportionate payment of estate taxes from the shares of *all* "distributees" and "beneficiaries." While it may be said that, in a technical sense, neither the word "distributee" nor the word "beneficiary" refers to a surviving spouse of the intestate, yet, in the popular conception, such a spouse does receive a beneficial share in the distribution of property that a decedent possesses at his or her death; and, in view of the situation with which the Legislature was dealing when it enacted this law, we conclude that it used these words in their nontechnical sense as referring to all persons, including a surviving spouse and a surviving joint tenant, in whom the law might vest any part of the property of the intestate. A somewhat similar conclusion as to the meaning of the word "distributee" was reached by the Kentucky Court of Appeals in the case of *Allen* v. *Foth*, 210 Ky. 343, 275 S. W. 804.

The lower court therefore erred in decreeing that the proportionate share of the federal and state estate taxes should not be deducted from the property belonging to the widow as dower and as surviving tenant of the estate by the entirety.

## II.

The evidence abundantly supports the finding of the lower court that it was the intention of all parties to the promissory notes (described in the decree) which showed E. S. Terral alone as payee therein that the notes should be payable to E. S. Terral and the appellee, his wife. These notes were in each case a part of a series, the other notes of which were made payable to E. S. Terral and appellee, and all the notes of each series were secured by a real estate mortgage executed by the maker to both E. S. Terral and appellee. The money loaned to the makers of these notes was taken from a bank account which was

subject to the check of either E. S. Terral or appellee and some funds of hers seem to have been placed in this account. The testimony, as to some of the notes, of the scrivener who prepared them, and as to others, of the makers, as well as other relevant testimony, all point unerringly to the fact that Mr. Terral and the makers of these notes intended that they should be so drawn as to include appellee as a payee, and that the omission of her name resulted from a clerical error. This testimony was not contradicted and it measured up well to the standard of proof required for reformation of written instruments.

### III.

E. S. Terral, deceased, was in 1927 a partner in Tillar Mercantile Company, a partnership, which owned many tracts of land in Drew and Desha counties. In that year he executed a deed conveying to R. H. Wolfe his home and several other small tracts of land owned by him, and also "an interest equal to 25/240ths" (the interest owned by him in the partnership) in real estate of the Tillar Mercantile Company and described in detail in the deed. Three days later R. H. Wolfe and his wife executed a deed by which they conveyed all of this property, by the same description as in the conveyance to Wolfe, to "E. S. Terral and Mrs. Carr M. Terral, husband and wife, as tenants by the entirety with survivorship."

These partnership lands, with the exception of some tracts which were sold by the partnership, remained such until the death of E. S. Terral, after which the partnership business has been liquidated and the proceeds placed in the hands of a trustee pending the outcome of this suit. It was shown that in 1927, and at all times afterward, the Tillar Mercantile Company was solvent. At no time from 1927 to the death of E. S. Terral were any of the lands of this firm needed to discharge its debts, but at all times there has been on hand partnership personal property sufficient to pay all partnership obligations.

It is contended by appellants that the interest of a partner in lands of the partnership is not such as might be so conveyed as to create the estate by the entirety.

It is well settled, of course, that a partner does not as an individual own any specific partnership property and has a right only to a certain share in the assets after payment of the partnership debts; but, nevertheless, this interest "is property and it is susceptible of being seized under legal process, as well as of being sold and conveyed, . . . " 47 C. J., p. 781.

"At common law, on a conveyance being made to partners, they normally become vested with the legal title as joint owners or tenants in common." 40 Am. Jur. 193.

"Property which has been conveyed to a firm, or to partners in trust for a firm, is held by them as tenants in common, or, according to some authorities, at common law as joint tenants, as where legal title vests in individual partners through a conveyance to the firm by name, no partner being able to convey more than his undivided interest therein." 47 C. J. 758.

"A purchaser [of the interest of a partner] becomes a tenant in common with the other partners, subject to the equity of the partners and creditors to apply the firm property to the firm obligations." 47 C. J. 799. *Keith* v. *Ham*, 89 Ala. 590, 7 So. 234; *McCauley* v. *Fulton*, 44 Cal. 355.

We have been referred to no decision where it is held that the interest of a partner in partnership lands may not be so conveyed as to create an estate by the entirety therein.

There is good authority for the rule that, at common law, an equitable estate might be converted into an estate by the entirety.

The United States Circuit Court of Appeals for the Ninth Circuit, in the case of *Edmonds* v. *Commissioner of Revenue*, 90 F. 2d 14, held that a joint tenancy might be created in the equitable title to property, citing as upholding the rule these English cases: *Ashton* v. *Smallman*, 2 Vern. 556, 23 Eng. Rep. 960; *Bustard* v. *Saunders*, 7 Beav. 92, 49 Eng. Rep. 998; *Kenworthy* v. *Ward*, 11 Hare 196, 68 Eng. Rep. 766; *The Earl of Sussex* v. *Temple*, 1 Ld. Raym. 310, 91 Eng. Rep. 1102.

So, whether Terral's interest in the partnership lands be held as having been that of a tenant in common or whether it be held that, as a partner, he had only an equitable estate therein, subject to the rights of creditors, it appears that he had such an interest therein as to authorize him to create the estate by the entirety, as it is admitted that he purposed to do.

Since both of the conveyances, from Terral and wife to Wolfe and from Wolfe and wife to Terral and wife, were executed before the passage of our Uniform Partnership Act (Act 263 of the General Assembly, approved March 26, 1941) it is unnecessary for us to consider what effect, if any, the provisions of this Act would have on these transactions if this law had been in force when they occurred.

It follows from what has been said that so much of the decree as grants appellee's prayer for reformation of the promissory notes is affirmed; that so much of the decree as orders that property vested in appellee for her dower allowances, and as surviving tenant of an estate by the entirety should not be charged with a proportionate share of federal and state estate taxes is reversed with directions to order that appellee pay said proportionate share of said taxes out of her said dower, allowances and interest as such survivor; and that so much of the decree as denies to appellee the entire ownership of the 25/240th interest in the partnership lands described in the 1927 conveyances be reversed with directions to enter decree vesting said interest in appellee; and upon remand the lower court will make appropriate orders for having appellee's dower and allowances set aside to her; and appellants will pay one-half of all costs, and appellee will pay one-half thereof.