HALL *v.* HUFF.

Opinion delivered January 10, 1916.

1. JUDGMENT—VALIDITY—DIRECT ATTACK.—A direct attack in a judgment or decree is any proceeding which is instituted for the express purpose of annulling, vacating or modifying it.

2. JUDGMENTS—MOTION TO VACATE—DIRECT ATTACK.—A motion to set aside or to vacate a judgment rendered at a former term, is a direct attack upon the judgment.

3. APPEAL AND ERROR—PARTIES—APPEARANCE—FINDING OF CHANCELLOR. —The finding of the chancellor that the appearance of appellant had been entered by his attorney, held to be against the preponderance of the evidence, and to call for a reversal of the case.

Appeal from Garland Chancery Court; *Calvin T. Cotham,* Special Chancellor; reversed.

STATEMENT BY THE COURT.

On the 15th day of March, 1915, W. H. Hall filed a petition in the chancery court of Garland County to quash an execution issued in the case of C. Floyd Huff against J. H. Hall for the sum of $1,100. His petition alleges that on the 11th day of February, 1915, the said execution was delivered to the sheriff who threatened to levy the same

upon the property of the plaintiff. A copy of the execution is attached to the petition. The plaintiff Hall further states that the judgment upon which the said execution was issued was rendered without service on him, and is void. The facts are as follows:

On the 30th day of April, 1912, C. Floyd Huff instituted an action against J. H. Hall to recover possession of an undivided one-third of certain real estate situated in the city of Hot Springs, in Garland County, Arkansas. On March 17, 1913, Huff filed what he styles an amendment to his complaint in which he states that since the institution of the suit he has learned that a part of the land described in his complaint belonged to W. H. Hall instead of J. H. Hall, and asks that W. H. Hall be made a party defendant, and that all the allegations contained in his original complaint be considered as having been made against W. H. Hall in like manner as if he had been made a defendant with J. H. Hall. He prayed that upon a final hearing of the cause, he be given the same relief against W. H. Hall that he asked for in his original complaint against J. H. Hall.

On March 17, 1913, the defendant J. H. Hall filed a motion to strike from the files the amendment to the complaint just referred to, and the grounds upon which the motion is based are stated therein. The motion was signed by Wood & Wood, attorneys for J. H. Hall. This firm of attorneys consisted of Judge J. B. Wood and his son Scott Wood. Judge J. B. Wood died in June, 1913. In September, 1913, Jethro P. Henderson, the chancellor, caused an order to be entered stating his disqualification to hear and determine the cause because he had formerly been the law partner of Judge J. B. Wood and was interested in the litigation in its incipiency. The record shows that in September, 1913, subsequent to this time, a special chancellor was elected who heard and determined the cause, entering a decree in favor of the plaintiff Huff against the defendants J. H. Hall and W. H. Hall in the sum of $1,100.

On February 21, 1914, the defendant J. H. Hall, through his attorney Scott Wood, prayed and was granted an appeal to the Supreme Court. On June 22, 1914, the Supreme Court rendered an opinion reversing the decision of the chancellor and ordering the cause remanded with directions to dismiss the complaint of the plaintiff Huff for want of equity. On the 11th day of February, 1915, the plaintiff caused an execution to be issued and placed in the hands of the sheriff with directions to levy upon the property of W. H. Hall.

The plaintiff and his attorney testified that some time after the original complaint was filed against the defendant J. H. Hall, they learned that W. H. Hall owned a part of the property embraced in the complaint; that thereupon, an amendment to the complaint asking that W. H. Hall be made a party defendant to the suit was filed; that Judge J. B. Wood, who represented the defendant J. H. Hall, agreed in open court that he would enter the appearance of W. H. Hall, and that the answer which he had filed on the part of J. H. Hall should also inure to the benefit of W. H. Hall.

They stated that they did not know whether the chancellor acted upon the motion of Judge Wood to strike from the files of the court their amendment to the complaint. They also stated that they did not know what judge occupied the bench at that time.

Judge Jethro P. Henderson, the regular chancellor, testified that he had formerly been a law partner of Judge Wood; that he had no personal recollection whatever about whether Judge Wood entered the appearance of W. H. Hall; that it was his uniform practice to make a notation on the docket where the appearance of a client was entered by an attorney; that it was insisted by counsel for both parties that he was disqualified; that he went over the facts of the case fully and prepared a written opinion in the case, but before it was delivered concluded that he might be disqualified, and on that account did not deliver his opinion; that on account of his former partnership with Judge Wood, he concluded that he might perhaps

have been connected with the firm when the employment of Judge Wood was first made by Hall.

The chancellor did not certify his disqualification until after Judge Wood's death. The record shows that he certified his disqualification in the case of *"C. Floyd Huff* v. *J. H. Hall."* The record does not show that W. H. Hall was mentioned as a defendant in the case until the final decree was rendered.

W. H. Hall testified that Judge Wood was not employed by him nor authorized to enter his appearance to the suit in question; that he did not know that any judgment had been rendered against him until some time after the decision of the case in the Supreme Court; that he was a witness in the original case against his father but never at any time authorized Judge Wood to enter his appearance to that suit. Other facts will be referred to in the opinion.

The chancellor entered a decree dismissing the petition of W. H. Hall and from the decree rendered in favor of Huff, Hall has appealed.

*Davies & Davies,* for appellant.

1. The decision in *Hall* v. *Huff,* 114 Ark. 206, is decisive that Huff can, in no event recover. The complaint stated no cause of action against anybody. The judgment was void against a party not served with process, who never appeared and had no notice whatever. 62 Ark. 439; 81 *Id.* 462; 55 *Id.* 205; 102 *Id.* 255; 95 *Id.* 302; Kirby's Dig., § 4431.

2. A court always has jurisdiction to correct any abuse of its process. 3 Ark. 532; 8 *Id.* 319; 11 *Id.* 519; 38 *Id.* 435; 59 *Id.* 15. A party not served with process becomes a party by appealing. 4 Ark. 200. One not a party is not entitled to appeal. 30 Ark. 578. Where the record shows error on its face the judgment will be reversed. 46 Ark. 17; 26 *Id.* 600. Courts correct obvious errors in judgments even after the term. 33 Ark. 218.

3. Where a suit is brought against several defendants jointly, and one is not served, and judgment goes against *all,* the judgment is voidable. 23 Cyc. 690; 6

Ark. 456; 4 *Id.* 431. Upon reversal of a joint judgment on an appeal by one, takes up the whole case and the reversal inures to the benefit of all. 70 Ark. 195; 66 S. W. 922; 2 Cyc. 279; 14 N. J. Eq. 361.

*James E. Hogue,* for appellee.

No one, whether party or not, may impeach the record of a judgment; a record of a court of superior jurisdiction imports absolute verity and is conclusive of the facts recited between parties and privies and can not be contradicted by evidence *aliunde.* 23 Cyc. 855, 854, 856. All presumptions are in favor of the regularity of the rendition of decrees and of the entry. 77 Ark. 303; 76 *Id.* 534; 72 *Id.* 320; 97 *Id.* 76; 21 L. R. A. 848.

2. The remedy to modify a judgment is a suit at law under § § 3224, 4431, in the same court. 93 Ark. 266. At common law a judgment could not be amended after the term. 93 Ark. 234; 92 *Id.* 299; 2 *Id.* 60, 66; 5 *Id.* 23; 92 *Id.* 388.

3. The burden is on the party attacking a decree valid on its face. 93 Ark. 490. Where a judgment recites that defendants were duly served etc., it must be taken as true. 11 Ark. 519; 50 *Id.* 338; 61 *Id.* 464; 63 Ark. 513; 105 *Id.* 5. The word "defendants" is construed to mean all who were served with process or appeared. 26 Ark. 941. An erroneous judgment is binding until reversed. 8 Ark. 318; 5 *Id.* 424; 20 *Id.* 25.

4. This is what Judge Story calls a bill in the nature of a bill of review, but is really a bill to vacate a judgment for want of notice, and whether considered as a direct or collateral attack, a meritorious defense must be shown, and in this Hall has failed.

HART, J., (after stating the facts). Though it is not so denominated, the present proceeding was evidently instituted under section 4431 of Kirby's Digest to vacate a decree rendered at a former term of the chancery court on the ground that it was entered without notice to him. See *Holman* v. *Lowrance,* 102 Ark. 252; *Foohs* v. *Bilby,* 95 Ark. 302.

(1-2)   A motion under the statute to vacate or set aside a judgment rendered at a former term is obviously a direct attack on the judgment.   The effect on the present proceeding is to attack the judgment against W. H. Hall in favor of C. Floyd Huff rendered at a former term of the chancery court by setting it aside on the ground that no service of summons was had on the said W. H. Hall and that his appearance to the suit had not been entered.   A direct attack on the judgment or decree has been defined to be any proceeding which is instituted for the express purpose of annulling, vacating or modifying it.

On the part of W. H. Hall it is contended that the decree in the former suit against him in favor of Huff was entered without any service upon him or any notice on his part that he had been made a party to the suit. The chancellor found against him on this issue and the correctness of his decision in this respect we consider to be the most serious question in the case.

(3)   After a careful consideration of the whole record in this case we have reached the conclusion that the finding of the chancellor is against the preponderance of the evidence.   In arriving at that conclusion we do not wish to be understood as casting any reflections upon the integrity or good faith of Huff or his attorney. We simply mean to say that when the record is considered in all its aspects and bearings, we think the preponderance of the evidence shows that they were mistaken in saying that Judge Wood entered the appearance of W. H. Hall.   It appears that Hall had several actions pending against him in regard to property in Hot Springs and that Judge Wood was attorney for him in all these cases; and it is likely that they have confused the appearance of Hall entered in some of these cases with the present case. Though they have testified positively that Judge Wood entered the appearance of W. H. Hall, they have stated that they did not remember what chancellor was on the bench at the time or what disposition, if any, was made

of Judge Wood's motion to strike their amendment to the complaint from the files of the court.

Judge Wood died in June, 1913, and his motion to strike the amendment to the complaint from the files was filed on March 17, 1913. Judge Henderson must have occupied the bench at that time. He testified that counsel for both parties insisted that he was qualified to try the case and that he first considered all the testimony and prepared an opinion in the case but afterwards concluded that he was disqualified and certified his disqualification. The record shows that he certified his disqualification after Judge Wood died. It also shows that he certified his disqualification in the case of *Huff* v. *J. H. Hall.* W. H. Hall was not mentioned. This was not long after it is claimed the appearance of W. H. Hall had been entered by Judge Wood.

According to the testimony of Chancellor Henderson he had no recollection of Judge Wood having entered W. H. Hall's appearance and he stated that it was his settled practice to make a notation on his docket when the appearance of a client was entered by an attorney. The record shows that his docket does not show that the appearance of W. H. Hall was entered to the action.

Scott Wood, who was the partner and son of Judge Wood during the whole proceeding, prayed an appeal to the Supreme Court for J. H. Hall but did not ask one for W. H. Hall. The defense of the two Halls to the action would have been practically the same.

The record also shows that W. H. Hall was much interested in the case and assisted his father in the management thereof throughout the whole proceeding.

These two last mentioned facts, when considered together, are convincing testimony that neither Scott Wood nor W. H. Hall knew that the latter had been made a party to the suit and that judgment had been rendered against W. H. Hall.

As above indicated, we think the state of the record turns the scale in favor of Hall and are of the opinion that a preponderance of the evidence sustains his conten-

tion. Both Huff and his attorney were lawyers and are members of the bar of this court as well as of all the inferior courts in this State. As such they no doubt participate in the trial of many cases during the course of the year and have confused another appearance in some other case with the facts testified to in this case.

This brings us to the question of whether or not the defendant Hall has a meritorious defense to the action in which the judgment against him was obtained. On this question but little need be said. The issues against the two defendants were the same. What would constitute a defense for J. H. Hall would constitute a defense for W. H. Hall also. The transcript in the original suit was introduced in evidence in the present proceeding and this court rendered a decision reversing the decree against J. H. Hall and ordering the cause remanded with directions to dismiss the complaint against him for want of equity. See *Hall* v. *Huff*, 114 Ark. 206.

The case will, therefore, be remanded with directions to enter a decree in favor of the appellant.

WOOD, J., not participating.