## SEE v. HASKINS.

### Opinion delivered April 30, 1917.

1. JUDGMENTS—MAY BE VACATED, WHEN.—A judgment at law may be vacated and set aside by proceedings in the same court and in the same case, upon the various grounds enumerated in § 4431 of Kirby's Digest; a judgment may also be vacated, reversed or modified by appeal to the Supreme Court as provided by law; or the enforcement of a judgment that is void at law may be perpetually enjoined as one of the peculiar equitable remedies belonging to the exclusive jurisdiction of courts of chancery.

2. JUDGMENTS—ACTION TO SET ASIDE SEPARATE SUIT.—Appellees may not bring new and independent action in the circuit court, to set aside a judgment of the circuit court rendered at a former term in favor of appellant against the appellees, and to perpetually enjoin proceedings looking to the enforcement of that judgment.

Appeal from Clay Circuit Court, Western District; *J. F. Gautney,* Judge; reversed.

*F. G. Taylor,* for appellant.

1. There is no authority, statutory or otherwise, for the bringing of this suit. It is not an appeal or a proceeding under the statute, nor a suit in chancery. Kirby's Digest, § § 4431, 4433. The remedy by injunction is alone in equity. 1 Pom. Eq. Jur., § § 171-2; 16 Am. & Eng. Enc. Law, 342; 2 Ark. 93. No defense was made in the suit—appellants both admitting their indebtedness. No defense was shown, and this is purely a collateral attack on the judgment. The notes executed by them were purely conditional, and there were no innocent purchasers. The court had jurisdiction and recites due service. 14 Am. & Eng. Enc. Law, 773; 8 Corp. Jur., § § 211-12; Acts 1913, p. 260; 113 Ark. 449; 114 *Id.* 551.

2. The defendant is not complaining, and it alone had the right to complain. 83 Ark. 191. The service on it was good. 95 Ark. 588.

3. No meritorious defense was shown. 84 Ark. 527. The defendant alone can complain. 115 Ill. 390; 3 N. E. 417; 43 Ind. 180.

*G. B. Oliver,* for appellees.

1. This is not a collateral, but a direct attack on the judgment for want of jurisdiction and service. 122 Ark. 67; 23 Cyc. 1062C-1065-3; 101 Ark. 390; 100 *Id.* 63. There was no service. 66 Ark. 282-5; 59 *Id.* 583; 71 *Id.* 286; Kirby & Castle's Digest, § 925; 322 Cyc. 566C; 69 Ark. 429; 123 *Id.* 371-5; 147 Fed. 419. The judgment was void and the injunction proper. *Supra.* Black on Judgments, § 595.

### STATEMENT BY THE COURT.

On June 30, 1914, the appellant, Frank See, commenced suit in the Clay Circuit Court against the St. Louis Steel Range Company (hereafter called the range company) for money alleged to be due him upon a con-

tract with said company by which it employed appellant as a traveling salesman. Appellant had writs of attachment and garnishment issued, and among other garnishees were John Haskins and Arthur Park. Haskins and Park filed their answers as garnishees, admitting an indebtedness to the defendant, the range company. A trial was had and judgment rendered against the range company in favor of appellant See in the sum of $1,353. After judgment was rendered against the range company, judgment was also rendered against John Haskins, as garnishee, in the sum of $44 and against Arthur Park in the sum of $34. Thereafter execution was issued on the judgments against Haskins and Park and placed in the hands of appellant L. V. Ruff, as deputy sheriff of Clay County.

Appellees, on the 2d day of December, 1916, commenced this suit in the circuit court, alleging in their complaint that the judgment of appellant Frank See against the range company was void, and also that the judgment against appellees was void, and prayed that the appellants be enjoined from enforcing the judgment, and that Ruff, the deputy sheriff, be restrained from selling any of their property under the execution in his hands, and for all proper relief.

Appellees alleged as grounds for vacating and setting aside the judgment against them and for the relief prayed, that the judgment in favor of See against the range company was void for the reason that no personal service was had upon such company and that the attempted service by publication was irregular and void, and that no valid judgment could be rendered against them as garnishees until a valid judgment had been rendered against the range company.

The appellants answered and denied that the judgment in favor of Frank See against the range company was void, and also denied that the judgments in favor of Frank See against Haskins and Park were void, but alleged that they were valid judgments.

The proceedings that were had in the case of Frank See against the range company and against the appellees as garnishees were introduced in evidence. Appellee Haskins, and also appellee Park, answered in the suit in which they were made garnishees. Haskins stated that he was indebted to the range company in the sum of $44, evidenced by a promissory note that had not been paid, and Park stated that he was indebted to the range company in the sum of $34 that had not been paid. This was the extent of the allegations of their answers to the writs of garnishment.

The judgment in favor of appellant See against the range company, among other things, recites as follows: "The court finds from the evidence and return of the sheriff upon the summons issued in this cause that the said St. Louis Steel Range Company, a corporation, has been duly served with summons in this cause in the manner and form provided by law; and the court further finds from the evidence that the defendant has been constructively summoned in this cause as follows: "That a warning order has been duly issued, published, and proof of publication of same in the manner provided by law filed in this cause; that an attorney ad litem for the nonresident defendant, St. Louis Steel Range Company, was duly appointed as provided by law for more than thirty days before the commencement of the present term of this court, who has filed his report as such attorney in this cause as the law directs; that said plaintiff has filed bond conditioned as provided by law in cases of judgment on constructive service; that at the time of the commencement of this lawsuit affidavit and bond for attachment was duly filed, upon which a writ of attachment and garnishment was issued against the property of the defendant, St. Louis Steel Range Company, and at the same time allegations and interrogatories against the following persons were duly filed and that said writ of garnishment was duly served upon the following persons, towit: John Haskins, Arthur Park," etc.

The judgment rendered on the same day in favor of appellant See against Haskins and Park, among other things, recites as follows: "Now, on this day, this cause coming on to be heard as to the garnishees in this cause, the court finds from the answers of said garnishees filed herein to the allegations and interrogatories filed in this cause that they were indebted to the defendant St. Louis Steel Range Company, a corporation, on and before the service of the writ of garnishment in this cause upon them as follows: John Haskins, $44; Arthur Park, $34." Then follows the recitals of the entry of the judgment against them respectively for the amounts named.

There was other evidence, but it is unnecessary, in the view we have taken of this case, to further set it out and discuss it in detail.

The court entered a judgment perpetually enjoining the appellants from proceeding upon the execution issued in the case of Frank See against the range company, and John Haskins and Arthur Park as garnishees, from which this appeal comes.

WOOD, J., (after stating the facts). Appellees are seeking in the circuit court, in a new and independent suit, to set aside a judgment of the circuit court rendered at a former term in favor of appellant Frank See against the appellees and to perpetually enjoin proceedings looking to the enforcement of that judgment.

A judgment at law may be vacated and set aside, under the statute, by proceeding in the same court and in the same case, upon the various grounds enumerated in section 4431 of Kirby's Digest. A judgment may also be vacated, reversed or modified by appeal to the Supreme Court as provided by law; or, the enforcement of a judgment that is void at law may be perpetually enjoined as one of the peculiar equitable remedies belonging to the exclusive jurisdiction of courts of chancery. See Pomeroy's Equity Jurisprudence, secs. 171, 172; 16 Am. & Eng. Enc. Law, p. 342. But we know of no author-

ity, statutory or otherwise, for the proceeding herein in-
stituted. This suit was not instituted under the author-
ity of section 4433 of Kirby's Digest, or on any of the
grounds mentioned in section 4431.

But even if it were conceded that there was author-
ity for this proceeding under section 4433 of Kirby's Di-
gest, the appellees would not be entitled to the relief
sought, because they did not set up in their complaint or
show in their evidence any valid defense to the action in
which the judgment was rendered against them on the
writ of garnishment. Under the above sections, 4431 and
4433, of Kirby's Digest, this was a prerequisite.

Furthermore, the ground relied on by the appellees
that the court had no jurisdiction of the range company
can not avail appellees, even if the court had jurisdiction
of the present suit. The range company is not a party
to this proceeding, and the appellees are in no attitude to
set up here that no service was had upon that company
in the case in which the judgment was rendered against
it in the circuit court in favor of the appellant Frank
See, for the appellees here were parties to that proceed-
ing, as garnishees, and they each answered in that suit
stating their indebtedness to the range company and
raised no objection whatever to judgment being rendered
against them on their answer. They did not set up as a
defense to that suit that no service was obtained upon
the range company, the original debtor, and for that rea-
son plead that the judgment against the range company
was void, and that for that reason no judgment could be
rendered against them as garnishees. If they intended
to avail themselves of such a defense that was the time
they were called upon to make it, and having virtually
confessed their liability as garnishees in that proceeding,
they can not now be heard to say that the judgment ren-
dered against them in that proceeding was void for a
matter which they could and should have set up in that
suit.

The appellees neither alleged nor proved a cause of action.   The court therefore erred in rendering judgment in their favor against appellants, and for such error the judgment is reversed, and the cause will be dismissed.