MORGAN *v.* LEON.

Opinion delivered January 7, 1929.

*Zeb A. Stewart* and *Allyn Smith,* for appellant.
*Gaughan & Sifford,* for appellee.

SMITH, J. A decree was rendered May 7, 1925, in the Union Chancery Court, in favor of Morgan *et al.,* plaintiffs, against Koury and certain other defendants, for the sum of $3,375, but, upon the appeal to this court, the decree was reversed on December 20, 1926 (*Koury* v. *Morgan,* 172 Ark. 405, 288 S. W. 929), and the cause was re-

manded with permission to all parties to take additional testimony. Isadore Leon was named as a defendant in the case, and the decree appealed from was against him and all of the other defendants named. No appeal was prosecuted on behalf of Leon.

In August, 1925, an execution was issued against Leon, who, on August 29, 1925, filed a complaint in the court which had rendered the decree upon which the execution had issued, praying that the execution of the decree against him be enjoined and that it be declared void as against him, for the reason that it had been rendered without notice to him. A temporary restraining order was granted Leon, which, on final hearing, was made permanent, and this appeal is from that decree.

In making the temporary restraining order permanent the court found the fact to be that Leon had not been served with process, and this finding is clearly sustained by the testimony; indeed, it appears to be established by the undisputed testimony.

It is insisted, however, that the appearance of Leon was entered by the attorney who represented the other defendants. On this issue the testimony was to the effect that Mr. Hamp Smead, who was employed by Koury, who was trustee for himself and certain other owners of an oil lease, Leon being among that number, first filed a demurrer to the complaint, in which he named the defendants who were his clients, and Leon was not included in this number. The demurrer was overruled, whereupon Smead filed an answer on behalf of all the defendants, and upon this answer the decree from which the former appeal came recited the appearance of Leon. Smead testified that he inadvertently failed to exclude the name of Leon as one of the defendants for whose benefit the answer was filed, but that he did not at any time represent Leon and had no authority to enter his appearance. Leon's appearance was not otherwise entered, and the testimony clearly established the fact that he was never summoned, as he was not in the State until after the rendition of the original decree.

Smead duly perfected an appeal on behalf of the defendants whom he represented, and the decree appealed from was reversed, and, as has been said, the opinion (172 Ark. 405, 288 S. W. 929) gave all the parties the right to introduce additional testimony. Upon the remand of the cause Smead filed an amended answer on behalf of all of the defendants who had been appellants in the first appeal, and Leon's name was not included.

The cause was transferred to the circuit court, where a verdict was rendered by a jury against the answering defendants for $2,000. Leon's name was not included in this number. A motion for a new trial was filed, which the court overruled in so far as it applied to Koury, individually and as trustee, but granted it as to all other defendants, and set aside the judgment against them which had been entered by the clerk in the meantime, so that final judgment was rendered only against Koury, individually and as trustee. The plaintiffs duly excepted to this action, but the subsequent history of that branch of the case does not appear from the record now before us.

It is pointed out by appellants Morgan *et al.* that, although Leon did not appeal from the original decree, he was advised of its rendition in time to have made himself a party to the appeal which the other defendants prosecuted, as is shown by the fact that he brought suit to enjoin the enforcement of the decree before the expiration of the time within which he might have appealed. The testimony does not show that Leon was apprised of the litigation until after the rendition of the decree, and he testified that his first knowledge of the decree against him personally was obtained when the sheriff levied an execution on certain of his property. Leon alleged in his petition for an injunction, and he testified in support of its allegation, that he had no personal interest in the oil lease, the title being in a trustee, and it was this allegation which constitutes the meritorious defense against appellant's attempt to recover a personal judgment

against him, which he was required to show before asking to have the enforcement of the judgment enjoined.

It is true, as appellant insists, that Leon might have appealed from the original decree; but it is not true that this was his only remedy. Had he appealed, his appearance upon the appeal would have been entered, and after the remand of the cause he would have been a party to the suit, as the successful prosecution of the appeal reversing the decree for the error of its rendition without service would have entered his appearance.

Appellant insists that this proceeding is a collateral attack upon the original decree, and he invokes the numerous cases of this court in which it has been held that, upon a collateral attack on a judgment or decree, the sufficiency and validity thereof must be determined by an inspection of the judgment or decree itself, and the recital therein of service or the entry of appearance cannot be disproved. It has been so held in cases of collateral attack; but this is a direct, and not a collateral, attack upon the original decree. *First Nat. Bank* v. *Dalsheimer,* 157 Ark. 464, 248 S. W. 575; *Montague* v. *Craddock,* 128 Ark. 59, 193 S. W. 268; *See* v. *Haskins,* 129 Ark. 131, 195 S. W. 8; *Crawley* v. *Neal,* 152 Ark. 232, 238 S. W. 1054. See also *Williams* v. *Alexander,* 140 Ark. 442, 215 S. W. 721, in which case it was expressly held that equity has power to relieve against a judgment rendered upon the unauthorized appearance of an attorney.

The case of *Hall* v. *Huff,* 122 Ark. 67, 182 S. W. 535, was a proceeding under § 4431, Kirby's Digest (which is now § 6290, C. & M. Digest), to vacate a decree rendered at a former term of court which had been entered without notice to the defendant, and the instant suit is one of the same character. In the Hall case, *supra,* it was held that a proceeding to set aside or to vacate a judgment rendered at a former term upon the ground that it had been entered without notice to the defendant was a direct, and not a collateral, attack, and that the relief prayed would be granted where the testimony warranted.

We conclude therefore that the chancellor was warranted in making perpetual the injunction against any attempt on defendants' part to enforce the decree rendered against Leon without notice, and that decree is affirmed.