MESERVE *v.* EDMONDS.

5-361                                    265 S. W. 2d 704

Opinion delivered March 15, 1954.

*Shaver & Shaver,* for appellant.

*Lloyd Henry* and *W. J. Dungan,* for appellee.

J. SEABORN HOLT, J. The three suits here involved were consolidated for trial.

Fencing District No. 6 of Woodruff County was created in 1925 under Act 158 of the 1891 General Assembly,—Ark. Stats. 1947, 78-1301—78-1329, inclusive, Section 78-1336, and Sections 78-1347—78-1353, inclusive. Subsequent to its formation, additional territory was annexed until practically all of Woodruff County was embraced within the District, the last two additions being made in 1945.

By proper County Court Order, on May 6, 1946, all lands (except lands of the Hunter Annexation and certain railroad lands) within the District, including the lands here involved, were assessed at the rate of one per cent per annum, on assessed valuation, to be paid before October 1, 1946. No other assessment was ever made.

Appellants, Meserve, *et al.,* Della Holcombe, W. W. Shaver, Jr., J. L. Shaver, and R. E. Robinson, failed to pay their assessments and suit was filed in 1948 (as Case No. 6130) to foreclose the District's lien on the lands here involved.

Decree was entered May 10, 1948, the lands sold, and sales were duly confirmed July 15, 1948, and one year allowed in which to redeem. There was no appeal from this decree.

The lands owned by Meserve, *et al.* were assessed and sold to Edmonds (appellee) for $27.99, under the following description:

| "Name of Owner | Description | Sec. | Twp. | Range | Tax |
|---|---|---|---|---|---|
| A. G. Mesero | W½ | 24 | 8N | 1W | $6.40 |
| R. J. Mesero | W½ | 25 | 8N | 1W | 6.40 |
| A. G. Mesero | E½ | 26 | 8N | 1W | 6.40" |

The Holcombe lands were assessed and sold as follows:

| "Name of Owner | Description | Sec. | Twp. | Range | Tax |
|---|---|---|---|---|---|
| E. F. Hunsinker | NW¼ SE¼ | 21 | 8 | 1 | $1.00 |
| E. F. Hunsinker | S ½ SE¼ | 21 | 8 | 1 | 2.00 |
| E. F. Hunsinker | NW¼ SW ¼ | 22 | 8 | 1 | 1.00 |
| E. F. Hunsinker | SW ¼ NW¼ | 22 | 8 | 1 | 1.00" |

"Orbin Ball purchased the South Half (S½) Southeast Quarter (SE¼) of 21 and the Southwest Quarter (SW¼) Northwest Quarter (NW¼) of 22 for the sum of $6.90; Fencing District No. 6 purchased the Southwest Quarter (SW¼) of Northwest Quarter (NW¼) Sec. 22 for $2.85; and Jack Childress purchased the Northwest Quarter (NW¼) Southeast Quarter (SE¼) Sec. 21 and the Northwest Quarter (NW¼) Southwest Quarter (SW¼) Sec. 22 for a total of $55.70."

The Shaver-Robinson lands were assessed and sold to Orbin Ball for $8.10, under the following description:

| "Name of Owner | Description | Sec. | Twp. | Range | Tax |
|---|---|---|---|---|---|
| Henry Wrape Co. | E½ NE¼ | 23 | 8 | 1 | $2.00 |
| Henry Wrape Co. | E½ SE¼ | 23 | 8 | 1 | 2.00" |

As indicated, these sales were confirmed.

The three present consolidated suits were filed on the following dates: Meserve, *et al.*, April 12, 1950; Holcombe, June 4, 1950; and the Shaver-Robinson, October 21, 1950. In each of these suits, appellants (plaintiffs in the trial court) alleged, in effect, that all proceedings in Case No. 6130, Woodruff Chancery Court, to foreclose the 1946 delinquent fencing tax are void because defendants in that cause were not served with notice as provided by law.

All defendants (appellees), except the Commissioners of the Fencing District, answered with a general denial and plead *res adjudicata*.

Trial resulted in a decree, which contained these recitals: "The court found that plaintiffs in the Meserve and Holcombe cases were entitled to redeem their property, their suits having been filed within two (2) years, from July 9, 1948, the date of sale of their property; the

defendants, Orbin Ball and Arnie Ball should prevail in the Shaver case because suit was not filed to redeem within two years from the date of sale.

"The court further found that all contentions raised by the plaintiffs in all three (3) cases, attacking the decree in Cause No. 6130, rendered by the Woodruff Chancery Court on May 10, 1948, and all proceedings had thereon, and all contentions attacking the tax levy made by the County Court of Woodruff County, levying the tax upon the lands involved in this case by Fencing District No. 6, should be dismissed."

The cause is here on direct appeal of Meserve, *et al.,* Holcombe, and Shaver, *et al.,* and the cross-appeal of Edmonds and Ball.

We have concluded, after a review of the record presented, that proper notice to appellants, delinquent property owners, in the foreclosure sale in Case No. 6130 in 1948, had not been given, as appellants contend, under the Fencing Act, *supra,* and that the sale was, therefore, void and subject to direct attack.

In *Morgan* v. *Leon,* 178 Ark. 768, 12 S. W. 2d 404, (Headnote 1), the court held: "Judgment—Direct Attack.—A proceeding to have a decree declared void upon the ground that it was entered without notice, is a direct and not a collateral attack on the decree."

It is undisputed, in this case, that the only notice attempted to be given the delinquent land owners (appellants) in the foreclosure suit (No. 6130) of 1948 was by publication in a local newspaper,—in other words, constructive service, and no personal service was attempted, or had..

The Fencing Act No. 158 of 1891, above, in Section 20, provides: "In such suits the same service shall be had on defendants, and the case shall proceed in the same manner *as is now provided by law* in cases of suits for the collection of assessments for local improvements in cities of the first class, so far as the same proceeding can be made applicable, and in case of sale the owner

shall have the same right of redemption by paying the amount of the purchase money and all assessments to the purchaser and twenty percentum thereon, within one year from the date of sale."

It will be observed that this section plainly and unmistakably directs that "service shall be had on defendants (delinquent landowners), and the case shall proceed in the same manner *as is now provided by law,*" etc.

The law, on the effective date of this Act 158, was embodied in Act 84 of the General Assembly of 1881, which was "AN ACT to Regulate the Manner of Assessing Real Property for Local Improvements in Cities of the First Class," and provided in Section 10 specifically the manner in which delinquent property should be foreclosed and the kind of service necessary on delinquent property owners. Section 10 of Act 84 provides: "* * * The owner of the property assessed shall be made a defendant if known, if he is not known, that fact shall be stated in the complaint, and the suit shall proceed as a proceeding *in rem* against the property assessed. Summons shall be issued, and the defendant shall be required to appear and respond within five days after service; and upon default a decree shall be rendered against such property for the amount of such assessment, penalty and cost, and an attorney's fee. If the sheriff, or other officer, to whom the writ may be directed, shall return that defendant is not to be found in his county, or if the owner is stated in the complaint to be unknown, service shall be made by affixing a copy of the summons to the property assessed, or to some part thereof, for fifteen days, and by publishing a copy of the summons in some daily or weekly paper, published in the city, for one insertion, and the cause shall be made ready for hearing within fifteen days after such publication, and a decree shall be rendered as in case of actual service."

It appears that Section 20 of Act 158, above, has never been amended, and, as indicated, this section required that delinquent property, as here, would have

to be foreclosed, *as provided by law,* at the time of the effective date of that Act. In other words, we hold that the plain terms of Act 84, § 10 (1881), above, required that the foreclosing authorities exercise good faith in endeavoring to ascertain the name of the owner of any property offered for sale, and, when so ascertained, that personal service be had. *Laflin* v. *Drake,* 218 Ark. 218, 237 S. W. 2d 32. Section 20 of the Fencing Act, we hold, was not amended when the General Assembly, in 1937 and 1939, amended § 10 of Act 84 of 1881 to provide for constructive service in Municipal Improvement Districts instead of personal service. We think the Legislature, in Act 158, § 20, in dealing with Fencing Districts, clearly intended that before a delinquent property owner could have his property taken away from him for failure to pay an assessment, direct and literal compliance with § 20 of Act 158, and § 10 of Act 84, containing the requisites of notice, must be followed, and that personal service was intended and required under § 10, and none was had in the present three cases.

In the 1948 foreclosure suit (No. 6130), it was not alleged in the complaint that the owners of the property, here involved, were unknown, but the proceedings were against named defendants, alleged to be the supposed owners of the property. This was not notice to the true and record owners of the lands, who had paid the taxes on the lands for many years. No effort appears to have been made to determine the true owners of the lands, as § 10, above, requires. This section also requires that the owners of the delinquent lands shall be made defendants, if known, summons issued against such owners, and that they appear and answer within five days after service. In case the owners are not known, then that fact shall be stated in the complaint, which, as indicated, was not done in the foreclosure suit.

"If doubt exists as to the construction of a taxing statute, the doubt should be resolved in favor of the taxpayer." *Hassett* v. *Welch,* 303 U. S. 303, 58 S. Ct. 559, 88 L. Ed. 858.

"If it be thought that, at most, the legislative purpose as expressed by the words employed is ambiguous, still the holding must be adverse to appellant because doubt in such cases is invariably resolved in favor of the taxpayer." *McLeod, Commissioner of Revenues* v. *The Commercial National Bank of Little Rock,* 206 Ark. 1086, 178 S. W. 2d 496.

But, say appellees (Holcombe and Ball), in any event, the 1948 foreclosure (No. 6130) is *res adjudicata* and a complete defense to the present suits. They contend that Suit No. 6130 was a class suit and the doctrine of "virtual representation" applies and appellants are bound by that decree. We do not agree.

In the 1948 foreclosure suit, it appears that an attorney filed an answer for his clients, the following land owners, "L. A. Stuckey, John Ancil, Joe Hess, Joe Ancil, Ben Starman, W. A. Smith and Walter McDonald," and alleged that said answer was for these seven parties, or landowners, "and for the benefit of all other owners of lands in said territory." Appellants,—as we have concluded,—had no notice of the foreclosure suit and had not authorized appellees' attorney to represent them in any capacity. It appears that one of the appellants is a prominent practicing attorney. Such attempted representation was not *"bona fide* for the entire class and with all diligence" and in their interest, such as would bind the entire class. *Holthoff* v. *State Bank & Trust Company of Wellston, Mo., et al.,* 208 Ark. 307, 186 S. W. 2d 162.

As we have pointed out, it was necessary under the Arkansas Fencing Law, above, that the owners be made parties to the foreclosure suit. Where the owner is unknown, then the suit can proceed *in rem.* The statute was not complied with. The foreclosure proceedings in No. 6130 were void and appellants' lands could not be foreclosed in that case under the notice given. Certainly, then appellants' lands could not be foreclosed in such a void proceeding (and appellants bound by such proceeding) just because appellees' attorney attempted

304

to appear for them and stated that he answered for all other landowners in the District. To permit this to be done, in the circumstances, would deny appellants their constitutional rights.

"5. The constitutional requirement of due process gives each party a right to be heard. (See Am. Jur. 'Constitutional Law,' § 607). * * *

"6. In order that a valid judgment may be rendered in a proceeding *in rem* or *quasi in rem*, every person who has an interest in the *res* must have legal notice of the proceeding and an opportunity to be heard. (See Am. Jur. 'Judgments,' § 446)." *O'Hara, et al.*, v. *Pittston Company, Appt.*, 186 Va. 325, 42 S. E. 2d 269, 174 A. L. R. 945.

Accordingly, the decree is reversed and the cause remanded on direct appeal with directions to declare void, and cancel, the proceedings in the foreclosure suit of 1948, No. 6130, and for further proceedings consistent with this option.

Affirmed on cross-appeal.

Justice McFADDIN concurs.