David Patrick ROSWELL *v.* John B. DRIVER
and Frances R. DRIVER

CA 79-112                                   596 S.W. 2d 352
Court of Appeals of Arkansas
Opinion delivered March 12, 1980
Rehearing Denied April 9, 1980
Released for publication April 9, 1980

*John Langston* and *Lessenberry & Carpenter,* by: *Thomas M. Carpenter,* for appellant.

*Stephens & Crockett,* by: *Robert Crockett,* for appellees.

JAMES H. PILKINTON, Judge. This lawsuit involves title to real property; and the issue for determination is whether

proper service was had on one party who, it is admitted, owned an undivided interest in the land.

David T. Roswell and Ray Evans originally owned the land involved as tenants in common, each owning an undivided one-half interest. Mr. Roswell died and his interest passed to his widow and only son, David Patrick Roswell, the appellant. Mr. Evans sold his undivided interest to Mr. and Mrs. John B. Driver, and they have brought this partition action to have the land sold and the proceeds divided according to the respective interests of the parties.

It is admitted that personal service was obtained on Mrs. David T. Roswell, the widow; but appellant David Patrick Roswell, the son and only heir at law of David T. Roswell, deceased, claims that no service, actual or constructive, was obtained upon him.

After the decree of partition, sale of the land to Mr. and Mrs. Driver, and order of confirmation, David Patrick Roswell filed a motion alleging that the proceedings were void as to him, claiming a meritorious defense, and praying that the decree, and all previous orders of the court adverse to his interests, be set aside because of unavoidable casualty based upon lack of service. This appeal comes from an order of the Chancery Court denying that relief.

The record shows an attempt was made to obtain service on appellant by warning order under the name "David T. Roswell, Jr." The parties have hotly debated whether the defect in failing to identify appellant by his correct name in the warning order was fatal; however, we see no need to pass on that feature of the case because we find that the trial court erred for other reasons in refusing to vacate its decree and orders in this case. The record is crystal clear appellant had not been properly served regardless of names; therefore, the court had no jurisdiction to partition his interest at the time the orders in question were entered.

Due process means that in a contest concerning rights of life, liberty or property, a citizen must be given a reasonable opportunity to contest the propriety of each step in the

proceedings against him. *Davis* v. *Schimmel,* 252 Ark. 1201 at 1208, 482 S.W. 2d 785 (1972). In *Davis* v. *Schimmel, supra,* the Arkansas Supreme Court said:

> Due process requires, at a minimum, that one be given a meaningful opportunity for a hearing, appropriate to the nature of the case and preceded by notice, before he is deprived of any significant property interest, except where some valid, overriding state interest justifies postponing the hearing until after the event. *Boddie* v. *Connecticut, supra; Board of Lever Commissioners* v. *Johnson,* 178 Ky. 287, 199 S.W. 8, L.R.A. 1918E 202 (1917). Due process requirements are satisfied if the property owner has reasonable notice and a reasonable opportunity to be heard and to present his claim or defense, or to protect and enforce his rights, before a tribunal having power to hear and rule his cause, due regard being had to the nature of the proceeding and the character of the rights which may be affected by it. *Dohany* v. *Rogers,* 281 U.S. 362, 50 S. Ct. 299, 74 L. Ed. 904, 68 A.L.R. 434 (1930); *State ex rel Sweezer* v. *Green,* 360 Mo. 1249, 232 S.W. 2d 897, 24 A.L.R. 2d 340 (1950), [overrued on another point, *State* v. *Kirtley,* 327 S.W. 2d 166 (Mo. 1959).

In the case at bar appellees filed an amended complaint designating appellant as a party defendant by his correct name, and then having a summons issued for him dated March 6, 1978, directed to the Sheriff of Pulaski County, Arkansas. There was a *non est* return dated March 10, 1978, on this particular summons. Thereafter an affidavit for warning order was executed and filed on April 11, 1978, and the clerk appointed an attorney ad litem. The warning order was then issued and published for four consecutive times commencing April 13 and ending May 4, 1978. A decree was entered on August 10, 1978. However, the attorney ad litem letter to appellant had been addressed to him at "Clinton, Arkansas", and was returned unclaimed. The report of the attorney ad litem was not filed until December 11, 1978, long after the report of sale and confirmation; and, also after the Motion to Vacate had been filed by appellant on October 31, 1978.

Appellant has mounted a direct attack upon the action of the Chancery Court in entering the partition decree and subsequent orders. *Meserve* v. *Edmonds,* 223 Ark. 297, 265 S.W. 2d 704 (1954); *Davis* v. *Schimmel, supra.*

The rule is well established that when constructive notice only is given, the requirements of the statute must be strictly complied with. *Sinclair Refining Co.* v. *Bounds,* 198 Ark. 149, 127 S.W. 2d 629 (1939). Where essential statutory provisions governing service by publication are not strictly complied with as to nonresident defendants, all proceedings as to them are void. *Bridler* v. *Beidler,* 71 Ark. 318, 74 S.W. 13.

As noted in *Davis* v. *Schimmel, supra,* it has even been held that, where jurisdiction must be exercised by a court in a special manner, and not according to the course of common law, the facts essential to the exercise of such jurisdiction must appear in the record; and, if they do not, a judgment in the proceeding is void. *Monks* v. *Duffle,* 163 Ark. 118, 259 S.W. 735 (1924).

Here the record discloses that the attorney ad litem failed to discharge the duties required of him. The report shows he simply addressed a letter to appellant at Clinton, Arkansas, 72031, which was returned unclaimed. It was clear to all by then that David Patrick Roswell was a nonresident defendant. In fact, the affidavit for warning order so shows. The report of the attorney ad litem was insufficient on its face and was not even filed until December 11, 1978. Had it been timely filed the chancellor would have no doubt rejected it and ordered the attorney ad litem to make proper inquiry in a effort to determine the *best* last known address of the appellant and to make a *bona fide* attempt to notify him as the law requires an attorney ad litem to do. *Frank* v. *Frank,* 175 Ark. 285, 298 S.W. 1026 (1927).

We hold that the procedure here was not in strict compliance with statutory requirements. Ark. Stat. Ann. § 29-404 (Repl. 1979). Therefore reversal and remand is required; however, there is no reason why this case cannot proceed to an orderly retrial following remand. Appellant is now in court for all purposes. He has entered his appearance

generally; but that appearance does not cure any decree, or orders, previously made in the case which are void for want of process. *Davis* v. *Schimmel, supra.*

Reversed and remanded for further proceedings not inconsistent with this opinion.