## Don PIERSON et al *v.* TRIPLE-D RANCH, INC.

84-27                                        666 S.W.2d 403

Supreme Court of Arkansas
Opinion delivered April 2, 1984

*Adams, Covington & Young, P.A.,* by: *Donald J. Adams,* for appellants.

*Poynter, Huckaba & Gearhart, P.A.,* by: *Frank J. Huckaba,* for appellee.

GEORGE ROSE SMITH, Justice. The appellee, Triple-D Ranch, brought this suit in the Baxter chancery court to quiet its title to certain land and mineral interests in the county. The three defendants, Don Pierson and his wife and Grey Investment Company, all residents of Texas, contested the case and appeal from a decree quieting the plaintiff's title. The Court of Appeals transferred the case to us as involving a question about oil, gas, or mineral rights, Rule 29 (1) (n), but we need not reach that issue.

At trial the plaintiff made a prima facie case by introducing a 1976 partition decree and commissioner's deed conveying Don "Pearson's" interest in the land to Triple-D Ranch and a 1976 decree confirming Triple-D Ranch's title as against "Gray" Investment Company. Both decrees contain a finding that the court has jurisdiction and

recite notice by warning order, proof of publication, the appointment of an attorney ad litem for the nonresident defendants, and the filing of his report. On their face the two decrees appear to have been based upon proper service.

The defendants responded at trial by proving that Don Pierson is a well-known merchant in Eastland, Texas, and that neither he nor Grey Investment Company received actual notice of the earlier suits. A local attorney testified for the defendants that he had served as attorney ad litem in the cases, that he had sent letters addressed to the defendants at General Delivery, Mountain Home, Arkansas, and that as well as he remembered six years later he had checked the usual sources of information in attempting to communicate with the defendants in those cases.

The appellants, in arguing that the want of actual notice in the earlier cases was a denial of due process of law, cite only the case of *Roswell* v. *Driver,* 268 Ark. 819, 596 S.W.2d 352 (Ark. App. 1980). In that case, however, the defendant filed a direct attack upon the decree in the original case and proved that the report of the attorney ad litem was not filed until long after the partition sale and confirmation. Here, by contrast, the appellants are collaterally attacking the earlier decrees in a separate case. The decrees were rendered by a court of superior jurisdiction, recite the necessary jurisdictional facts, and are valid on their face. The appellants, in attacking the decrees, had the burden of proof, but they have not established facts showing the decrees to be void. *Hobbs* v. *Lenon,* 191 Ark. 509, 87 S.W.2d 6 (1935). The misspelling of the names, Pierson and Grey, is immaterial under the principle of *idem sonans,* for the sound of the names was not changed by the errors. *Godard* v. *State,* 100 Ark. 149, 139 S.W. 1131 (1911).

Affirmed.