McLEOD, COMMISSIONER OF REVENUES, *v.* THE COMMERCIAL NATIONAL BANK, EXECUTOR.

4-7358                      178 S. W. 2d 496

Opinion delivered March 13, 1944.

*O. T. Ward* and *Virgil Ramsey,* for appellant.

*John W. Newman,* for appellee.

*June P. Wooten, Rose, Loughborough, Dobyns & House* and *Baucum Fulkerson, amici curiae.*

GRIFFIN SMITH, Chief Justice.   The only question we are required to answer is, What did the General Assembly mean when, in the Estate Tax Law,[1] it defined "gross estate" as that determinable under the provisions of the *applicable* Federal Revenue Act?

Oscar A. Schaad,[2] appellee's testator, paid premiums on $16,000 of life insurance as to which his wife was beneficiary.  October 21, 1942, the Federal Revenue Law of 1939 was amended.[3]  The 1939 Act[4] was in force in 1941 when our latest Estate Tax was adopted.  Appellant, as Commissioner of Revenues for Arkansas, thinks that at the time Schaad died the "applicable" Federal Act was the 1942 amendment.  Appellee contends that members of the Legislature could not have intended to tax estates in Arkansas according to a variable formulae, the amount to be subject to discretion of Congress.

The rule is that when a legislative body by descriptive reference adopts another statute, a definite transaction has been consummated giving rise to new rights or obligations.  If the object be taxation, it is essential that those affected be informed of the new status.  In respect of the several states, fiscal affairs, economic conditions, industrial returns—these and other contributing factors are matters within the knowledge of legislators elected by the various counties and districts.  It must be determined, at a definite time, just what a tax shall be.  These things being true, it follows that when a revenue bill, either as to phraseology or subject matter, is borrowed from another state, its basic structure is before the General Assembly.  Another presumption is that the lawmakers are familiar with interpretations given the statute by domicilliary courts of last resort, and the interpretations so given become a part of the domestic law—highly persuasive, if not always binding.

[1] Act 136, approved March 17, 1941.  Sec. 2 (h).
[2] Schaad's death occurred June 3, 1943.
[3] 26 U.S.C.A. Supp., § 811 (g).
[4] 26 U.S.C.A., § 811.

With these fixed principles in mind it is improbable that members of the Fifty-Third General Assembly intended to delegate to Congress power to increase or reduce rates, to abolish exemptions, and to otherwise vary essentials of a measure which (§ 50) expressly states a purpose to be (a) to influence people of wealth not to leave the State, and (b) to induce a similar class to become citizens. We do not express an opinion as to wisdom of the Act. Declarations of public policy are for the General Assembly.[5] It is inconceivable that framers of a tax measure (and those who enacted it into law) would by the declaration of an emergency affirm an intention to protect persons subject to "high inheritance taxes," and at the same time leave to the national law-making body full power to increase the so-called burden; thus exposing to defeat the very plan of helpfulness so emphatically declared.

That subsequent amendment or repeal of an adopted statute has no effect upon the antecedent law unless such intent is expressed or arises by necessary implication is a familiar rule of construction.[6]

If it be thought that, at most, the legislative purpose as expressed by the words employed is ambiguous, still the holding must be adverse to appellant because doubt in such cases is invariably resolved in favor of the taxpayer.[7]

Affirmed.

---

[5] We do not determine whether there was an attempt to adopt by reference the federal law which, it is urged, would violate art. 5, § 23 of our Constitution. Appellant paid the tax it contends was due, and the right of refund is not involved.

[6] 25 R. C. L., p. 908; 2 Lewis' Sutherland on Statutory Construction (2d ed.) v. 2, § 405; Hasset v. Welch, 303 U. S. 303; 58 S. Ct. 559, 82 L. Ed. 858; In re Heath, 144 U. S. 92, 12 S. Ct. 615, 36 L. Ed. 358.

[7] McDaniel v. Byrkett, 120 Ark. 295, 179 S. W. 491; Wiseman v. Arkansas Utilities Co., 191 Ark. 854, 88 S. W. 2d 81; Hardin, Commissioner v. Smith & Couch Bedding Co., 202 Ark. 814, 152 S. W. 2d 1015.