STATE EX REL. COMMISSIONER OF REVENUES *v.* CARNEY.

4-7716                                          188 S. W. 2d 310

Opinion delivered June 18, 1945.

*O. T. Ward,* for appellant.

*Daily & Woods,* for appellee.

McFADDIN, J. This appeal presents for decision the question: Are the proceeds of life insurance, up to $40,000, exempt under the Estate Tax Law of Arkansas, which is Act 136 of 1941? Stated another way, the question is: Does the language "applicable federal revenue act" mean the federal revenue act in effect at the time of the death of the deceased, or the federal revenue act in effect when Act 136 of 1941 was enacted?

The appellees, as executors of the estate of George D. Carney, Sr., made an estate tax return to the Arkansas Revenue Commissioner as provided by law, and paid the State the tax which the executors calculated as justly due and owing. Then, under § 18 of the said act, the executors filed suit in the Sebastian chancery court against the Arkansas Revenue Commissioner to quiet title to the property of the estate as provided under § 17

of the act. The commissioner claimed that the correct amount of tax had not been paid. The case was tried upon an agreed statement. The pertinent facts and issue may be summarized:

George D. Carney, Sr., a resident of Arkansas, died on March 19, 1944, and had certain life insurance payable to his children as beneficiaries. His gross estate, with the proceeds of the life insurance policies added, is $403,878.52. If the proceeds of the life insurance policies be excluded, the gross estate is $366,220.64. The question is whether the proceeds of the said life insurance policies (the proceeds being $37,657.88) are to be included in determining the gross estate under Act 136 of 1941.

The chancery court held that the proceeds of the life insurance policies should not be included in determining the gross estate. We affirm the decree of the chancery court; and here are the reasons impelling such conclusion:

(1)   The Basic Estate Tax Law of the United States, with amendments to 1939, is found in 26 U.S.C.A., § 810, et seq.' Section 811 provides ''The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States. . . .

''(g)   PROCEEDS OF LIFE INSURANCE. To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of *the excess over $40,000* of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life.'' (Italics our own.)

Thus, when the Arkansas Legislature enacted Act 136 of 1941, the Federal Government laid no tax on the first $40,000 of life insurance· if payable to beneficiaries (as here). In other words, life insurance payable to beneficiaries up to a total of $40,000 was not included as a part of the gross estate under the federal revenue act which existed in 1941.

(2)   Section 1(h) and (i) of Act 136 of 1941 uses these definitions:

"(h)   The term 'gross estate' means the gross estate as determined under the provisions of the applicable federal revenue act;

"(i)   the term 'net estate' means the net estate as determined under the provisions of the applicable federal revenue act, . . ."

It will be noticed that in each definition reference is made to "the applicable federal revenue act." In *McLeod, Commissioner,* v. *Commercial National Bank,* 206 Ark. 1086, 178 S. W. 2d 496, we held that the term "applicable federal revenue act" meant the federal revenue act in effect at the time Act 136 of 1941 was adopted, and not the federal revenue act in effect at the time of the death of the decedent whose estate was involved. We said:

"That subsequent amendment or repeal of an adopted statute has no effect upon the antecedent law unless such intent is expressed or arises by necessary implication is a familiar rule of construction."

(3)   On October 21, 1942, the Congress of the United States (26 U.S.C.A. Supplement, § 811 (g)) amended the Federal Basic Estate Tax Law to make the proceeds *of all life insurance* a part of the gross estate. In effect, the amendment removed what may be termed the $40,000 exemption. But this amendatory act of Congress did not *ipso facto* merge itself into the Arkansas Act 136 of 1941. The Arkansas Legislature adopted the Federal Act in 1941 while there was a $40,000 exemption. The subsequent amendment by the Federal Congress did not change the Arkansas law. This identical question was decided in *McLeod, Commissioner,* v. *Commercial National Bank, supra;* and we adhere to that opinion.

We might well end this opinion at this point; but we go further, because of the contention of counsel for the State, as now to be discussed. In the briefs and in the oral argument it was claimed that the opinion of this court in *Moses* v. *McLeod, Commissioner,* 207 Ark. 252,

180 S. W. 2d 110, is in conflict with the opinion in *McLeod, Commissioner, v. Commercial National Bank, supra;* and particular insistence was placed on the sentence in the case of *Moses* v. *McLeod, Commissioner,* which sentence reads:

"Arkansas is not concerned with the amount of the net value of the estate in excess of $100,000, because it levies no rate of taxation on such excess, but levies only a tax thereon equal to the amount of the federal credit— no more, no less."

That sentence, when read in the light of the entire opinion, does not have the meaning attributed to it by the appellant. In *Moses* v. *McLeod, Commissioner, supra,* we held that the estate could be valued either at the time of the death of the decedent, or one year later, at the option of the executors. That holding was because the Arkansas act (No. 136 of 1941) said, in § 1(h) that the estate was to be determined by the "applicable federal revenue act," and the federal revenue act in effect in 1941 (26 U.S.C.A., § 811(j)) provided that if the executor so elected, he could value the estate one year from the date of the death of the decedent. In other words, we in effect held in *Moses* v. *McLeod, Commissioner,* that the "applicable federal revenue law" was the law in effect when Arkansas enacted Act 136 of 1941. The rate of taxation in Arkansas for estates over $100,000 is the amount of the federal credit, as stated in *Moses* v. *McLeod;* but the federal credit is to be determined by the "applicable federal revenue act," which is the law in effect at the time Act 136 of 1941 was adopted.

Under § 27 of Act 136 of 1941 the commissioner is to determine the tax according to the federal law as it existed in 1941, and not by any subsequent amendments. The annotations found in 63 A. L. R. 1096 and in 147 A. L. R. 467 are not in point to the question herein decided. Our own case of *McLeod, Commissioner, v. Commercial National Bank, supra,* is the only case in point to which our attention has been directed. We mention that Act 294 of 1945 is not involved in the present case.

We hold that the proceeds of the life insurance policies in this case are exempt, because "applicable federal act" means the federal revenue act in effect when Act 136 of 1941 was adopted, rather than the federal revenue act in effect at the time of the death of the decedent whose estate is involved.

For the reasons herein stated, the decree of the chancery court is in all things affirmed.