Cook, Commissioner of Revenues, *v.* Taylor. Executor.

4-8013　　　　　　　　　　　　197 S. W. 2d 738

Opinion delivered December 2, 1946.

*O. T. Ward,* for appellant.

*A. F. Triplett,* for appellee.

Ed. F. McFaddin, Justice. This appeal concerns §§ 2 and 3 of Act 136 of 1941, known as the "Estate Tax Law of Arkansas." Act 294 of 1945 has no application to this case, because the rights and liabilities herein became fixed prior to the effective date of the 1945 act.

Mrs. Ross M. Taylor (wife of Pinchback Taylor I) departed this life in May, 1944. Her husband received from her estate the sum of $33,909.92, upon which amount both the state and federal estate taxes were duly paid. Then, on June 27, 1944, (about thirty days after the death of his wife) Pinchback Taylor I departed this life, leaving an estate likewise subject to state and federal estate taxes. Including the said $33,909.92, the net value of his

estate was in excess of $800,000. In settling the *federal* estate taxes with the U. S. Government, the appellee herein (executor of the estate of Pinchback Taylor I) successfully claimed that no estate tax was due on the $33,909.92, since that amount had been received by Pinchback Taylor I from his wife's estate within the preceding five years, and the federal tax had been collected from the estate of Mrs. Ross M. Taylor. 26 U. S. C. A., § 812(c), is the applicable provision, and says that an exemption is allowed "equal to the value of any property forming a part of the gross estate . . . of any person who died within five years prior to the death of the decedent."

In attempting to settle the estate tax due the State of Arkansas on the estate of Pinchback Taylor I, the appellee executor likewise claimed that no estate tax was due to Arkansas on the said $33,909.92; but the appellant (Commissioner of Revenues for the State of Arkansas) denied the appellee's claim to such exemption. The appellee then paid all of the estate taxes to Arkansas, except what the State claimed on the said $33,909.92; and this litigation is to determine whether the State is entitled to collect a tax on that last-mentioned amount. The appellant clearly states the question in this language:

"'There is but one question to be determined by this Court in this appeal: Does the provision of the Federal Estate Tax Law—that property previously taxed within five years is exempt—control in the collection of the Arkansas Estate Tax, under the provisions of Act No. 136 of the Acts of 1941? The appellee has paid all tax due if previously taxed property is exempt under the Arkansas law. If previously taxed property as provided for under the Federal Law is not exempt from the Arkansas law, appellee owes the amount sued for herein."

## APPELLANT'S CONTENTIONS

The appellant urges:

1. That the federal estate tax law has a specific provision (U. S. C. A. Title 26, § 812(c)) for property

received within five preceding years from a taxed estate; whereas, the Arkansas Estate Tax Law has no such provision;

2. That § 2(i) of the Estate Tax Law of Arkansas provides: "The term 'net estate' means the net estate as determined under the provisions of the applicable federal revenue act, *except where otherwise provided*" (italics our own);

3. That § 3 of the Estate Tax Law of Arkansas provides ". . . the net estate shall be the value of the estate at the date of death after deducting from the gross estate funeral expenses, trustee's fees, attorney's fees, administration expenses, claims against the estate, unpaid mortgages, or any indebtedness in respect to property, the value of which is included in the gross estate, to the extent that such expenses, claims, mortgages, or indebtedness were incurred or contracted *bona fide* and for an adequate and full consideration in money and money's worth; . . ." and

4. That the words "except as otherwise provided" in § 2(i) clearly recognizes that the net estate under the state law may be different from the net estate under the federal law; and that § 3 of the Arkansas Estate Tax Law "otherwise defines" *net estate* by listing the items to be deducted from the gross estate, and omitting all reference to property taxable within five years; and that this failure to mention an exemption for property received within five preceding years from a taxed estate, clearly shows that there is no such exemption in the state law.

### OPINION

Appellant's argument is most forcible; but when we consider this case in the light of our previous holdings, we are convinced that the chancery court was correct in deciding in favor of the appellee. Act 136 of 1941 has been considered by us in the following cases: *McLeod* v. *Commercial Bank,* 206 Ark. 1086, 178 S. W. 2d 496; *Moses* v. *McLeod,* 207 Ark. 252, 180 S. W. 2d 1010; *State ex rel. Commissioner of Revenues* v. *Carney,* 208 Ark. 943, 188

S. W. 2d 310. The holding in *Moses* v. *McLeod, supra,* is determinative of the case at bar.

In that case it was shown that the federal act gave the executor of an estate the option to determine values, either (a) at the time of the death of the decedent, or (b) one year after the death of the decedent; whereas, the Arkansas act (*i. e.,* the same §§ 2(i) and 3 here relied on by appellant) gave the executor no such option, but required the values to be determined as they existed at the death of the decedent. Nevertheless, we held that, in determining the value of the estate for state tax purposes, the executor could use the optional valuation allowed under the federal statute. This conclusion was reached because we held that—due to the peculiar wording of § 3 of the Arkansas act—the only tax that Arkansas could levy on the excess of an estate over $100,000 was ''a sum equal to the credit allowable under the applicable federal revenue act for estate . . . taxes'' less ''the amount of all estate taxes paid to states other than Arkansas.'' We said in *Moses* v. *McLeod*:

''It will be observed in reading § 3 of said Act, above quoted, that it fixes no rates of taxation on values in excess of $100,000. . . . Arkansas is not concerned with the amount of the net value of the estate in excess of $100,000, because it levies no rate of taxation on such excess, but levies only a tax thereon equal to the amount of the federal credit—no more, no less. The language used in the concluding sentence in § 3 can mean nothing else. Stripped of unnecessary verbiage, or deleting words tending to confound its meaning, it reads: 'and on the amount of the net estate which exceeds one hundred thousand dollars, a tax . . . which shall be a sum equal to the amount by which the credit allowable under the applicable federal revenue act for estate . . . taxes actually paid to the several states shall exceed the aggregate amount of all . . . estate taxes actually paid to the several states . . . (other than . . . Arkansas) . . .' There being no estate taxes to other states, the tax due to Arkansas is the amount of the 'credit allowable.' If there were death taxes due and

payable to other states, the amount of the Arkansas tax would be the difference between the 'credit allowable' and the amount so paid to other states. Stated in the language of Commerce Clearing House, State Tax Guide Service, § 32-651, relative to Act 136 of 1941, 'If the net estate exceeds $100,000, the tax on the excess is 80 per cent of the basic federal estate tax less death taxes paid other states.' "

As intimated in our previous cases involving this estate tax law, the method of levying a tax by reference to a credit allowed under a federal statute, is—to say the least of it—an awkward and anomalous method of taxation by a sovereign state. In receiving the benefit of the federal credit, the state has surrendered a modicum, at least, of its right of free determination. But until clear unconstitutionality is shown in such surrender of sovereignty, then this method of levying taxes is for the Legislative Department of government, rather than for the Judicial. The cause here may be disposed of by saying —as we did in *Moses* v. *McLeod*—that the only tax which Arkansas levied on the excess of the estate over $100,000 is "a sum equal to the credit allowable under the applicable federal revenue act for estate . . . taxes." Therefore, when the federal government made the federal credit, and allowed $33,909.92 as exempt, then all the State of Arkansas could receive is whatever sum was the determined federal credit.

Therefore, the decree of the chancery court is affirmed.