JEFFERSON COOPERATIVE GIN, Inc. *v.*
Dr. Max MILAM, Director of the Department of Finance & Administration for the State of Arkansas (Commissioner of Revenues)

73-125                                        500 S.W. 2d 932

Opinion delivered November 13, 1973

480

Smith, Williams, Friday, Eldredge & Clark, by: Byron Eiseman Jr. and Lewis H. Mathis, and Chowning, Mitchell & Hamilton, by: Robert C. Lowry, for appellant.

Walter Skelton, Karl Daly Glass Jr., John F. Gwatney Jr., Alexander W. Nisbet, Dewey Moore Jr., and J. R. Nash, for appellee.

CARLETON HARRIS, Chief Justice. Appellant, Jefferson Cooperative Gin, Inc., is an agricultural cooperative organized under the provisions of Act 153 of 1939 (Chapter 10, Ark. Stat. Ann. §§ 77-1001—77-1025 [Repl. 1957 and Supp. 1971]). Section 77-1001 *inter alia* provides that associations organized under the act shall be deemed to be non-profit, not being organized for the purpose of making profits for themselves or the members, as proprietors, but only for their members, as patrons and employees of the association. Section 77-1023 provides that each association organized under the act shall pay an annual license fee of ten dollars to the Secretary of State, and "shall be exempt from all privilege, franchise, license or other taxes, but not from taxes upon its real estate and personal property." In 1969, the General Assembly enacted Act 311 amending the section just mentioned, and providing that each association shall pay an annual license fee of ten dollars to the Secretary of State, "and in addition shall be subject to the Arkansas Gross Receipts Tax Act of 1941 (§§ 84-1901—84-1929), as amended, and the Arkansas Compensating Tax Act of 1949 (§§ 84-3101—84-3128), as amended, and all other taxes levied in this State, except that any association which immediately distributes at the close of each business year all surpluses by cash or certificate to its members

shall not be subject to the Arkansas Income Tax Act (§ 84-2001 et seq.) with respect to such income. All such associations shall be subject to taxes upon its real estate and personal property."

Following enactment of this legislation, the Department of Finance and Administration levied a corporate franchise tax in the amount of $222.79 plus penalties upon appellant; the tax was paid under protest and thereafter appellant sought relief by instituting suit in the Pulaski County Chancery Court, praying that the court declare the assessment and collection of said tax to be illegal, and asking that the court declare it (Jefferson) entitled to a refund of said tax. The matter was heard upon a stipulation between the parties, it being *inter alia* stipulated that appellant is an Arkansas agricultural cooperative association, organized under the aforementioned act and that it had exhausted its administrative remedies before instituting suit. It was also stipulated that the question before the court was whether Act 311 of 1969, or any other statute of this state, authorized the assessment and imposition of the corporate franchise tax on agricultural marketing associations organized under Act 153 of 1939, as amended by Act 311 of 1969. On trial, the court entered its decree holding that the assessment and collection of franchise taxes against appellant was legal and valid; appellant's complaint was dismissed, and judgment rendered for appellee for the taxes as collected, together with costs. From the decree so entered, appellant brings this appeal.

At the outset, it should be borne in mind that certain basic differences exist between an agricultural cooperative and a general corporation. It has already been pointed out that under Ark. Stat. Ann. § 77-1001, agricultural cooperatives (although not eleemosynary) are deemed to be non-profit, existing solely for the purpose of making a profit for the members in their individual capacities as producers. Chapter 18 (§§ 84-1833—84-1842), entitled "Corporate Franchise Taxes", passed as Act 304 in 1953, deals with the franchise tax for profit making corporations. However, the act makes clear that

non-profit associations are not included, § 84-1833 providing:

> "The term 'corporation,' as used in this act (§§ 84-1833—84-1842), shall mean and include all corporations, domestic and foreign, active and inactive, organized or qualified to do business under the laws of the State of Arkansas *permitting the doing of business for profit* [our emphasis], and shall include all corporations operated by receivers and trustees of any court, and corporations which rent or lease their property to any person, firm or corporation."

With this background, it is argued by the state that it is clear that the legislature, in enacting Act 311 of 1969, removed agricultural cooperatives from the franchise tax exemption. In construing the statute, the state points out that the primary rule is to ascertain and give effect to the intention of the law makers, and it is correctly stated that there are several aids in determining this intent. Appellee calls attention to the title of Act 311, as follows:

> "AN ACT to Amend Section 24 of Act 153 of 1939 (Ark. Stats. [1947] Section 77-1023) to Subject Agricultural Cooperative Associations to All Taxes Now or Hereafter Imposed On Corporations; and for Other Purposes."

Contemporaneous legislation passed during the same session is also mentioned, viz., Act 395 of 1969, whereby the exemption for rural telephone cooperatives from the sales tax and use tax was specifically removed; also Act 119 of 1969 removed the exemption for electric cooperative corporations from the sales tax and the use tax. It is demonstrated, says appellee, that in the last mentioned acts, exemptions were removed for specific taxes only, but that in the act, now under discussion, by adding the words "and all other taxes levied in this State," the General Assembly made it clear that it had in mind subjecting agricultural cooperatives to additional taxes besides those specifically mentioned.

However, let us bear in mind that there is also a cardinal rule which must be observed in construing taxing legislation. In *Commissioner of Revenues* v. *Arkansas State Highway Commission,* 232 Ark. 255, 337 S.W. 2d 665, we said, quoting an earlier case[1]:

> "It is the general rule that a tax cannot be imposed except by express words indicating that purpose. The intention of the Legislature is to be gathered from a consideration of the entire act, and where there is ambiguity or doubt it must be resolved in favor of the taxpayer, and against the taxing power."

See also *Cook, Commissioner of Revenues* v. *Ayers,* 214 Ark. 308, 215 S.W. 2d 705, and cases cited therein.

The franchise tax was levied on corporations doing business for profit, but *none* of the acts mentioned levy a franchise tax on non-profit corporations, or associations. Section 84-1833, relating to general corporations, provides for the payment of a franchise tax by those corporations "permitting the doing of business for profit" and this language clearly does not include non-profit corporations, and we have so held. In *State* v. *Bankers' and Planters' Mutual Insurance Association,* 152 Ark. 182, 238 S.W. 17, the state attempted to impose the franchise tax upon a mutual insurance association that paid death benefits to its members. In finding the state's position to be unsound, this court held that the insurance company was not liable for the tax because it was not doing business for profit, stating:

> "The term, 'doing business for profit,' as used in the statute, refers to the operation of the corporation itself—whether it is doing business for profit—and has no reference to the remuneration received by its officers.

> "In order to impose liability for tax it must be found that the character of business sought to be taxed falls, either expressly or by fair implication, within the language used. It does not appear to us that

---

[1]*Scurlock* v. *City of Springdale,* 224 Ark. 408, 273 S.W. 2d 551.

the language of the statute includes a corporation doing business according to the method pursued by appellee."

This opinion construed Act 122 of 1913, the corporation franchise tax act in effect at that time, and in 1953, the General Assembly passed Act 304 of 1953, the present corporation franchise tax act, but the language as affecting non-profit corporations is not substantially different, i.e., neither act subjects a non-profit corporation to the franchise tax. We have held that the legislature is presumed, in enacting a statute, to have had in mind court decisions pertaining to the subject legislated on and to have acted with reference thereto, *Terral v. Terral, Admx.,* 212 Ark. 221, 205 S.W. 2d 198; accordingly, under the presumption of legislative awareness, the General Assembly is presumed, in enacting Act 311 of 1969, to have acted with full knowledge that this court had construed the franchise tax act as being inapplicable to non-profit corporations. Ark. Stat. Ann. § 77-1018 (a part of the agricultural cooperative associations act) provides that the provisions of the general corporation laws of the State apply to the associations organized under the act except where such provisions are in conflict with or inconsistent with the express provisions of §§ 77-1001 —77-1025. As already pointed out, this act declared associations organized under its authority to be non-profit. This provision has not been changed by any legislation.

Summarizing, the language of Act 311 of 1969 "and all other taxes levied in this State" certainly does not itself levy a tax; as herein pointed out, since there is no act that, by express words, indicates the intent to levy such a tax on agricultural cooperatives, and ambiguity or doubt being resolved in favor of the taxpayer, we hold that appellant is not liable for the tax.

Reversed.