The Honorable W.J. "Bill" McCuen Office of the Secretary of State State Capitol Little Rock, Arkansas 72201-1094
Dear Mr. McCuen:
This is in response to your request for an opinion regarding application of the Arkansas Business Corporation Act of 1987 [Arkansas Code of 1987 Annotated 4-27-101, et seq. (Supp. 1987)]. You have asked the following specific questions in this regard:
 1. Are newly formed domestic or foreign Agricultural-Cooperative Associations which are governed by the general corporation laws (Section 2-2-119) but deemed nonprofit (Section 2-2-101) now governed by the Arkansas Business Corporation Act of 1987?
 2. May Agri-Cooperatives formed prior to December 31, 1987, elect to be governed by the Arkansas Business Corporation Act of 1987 as established in Ark. Code Ann. Sections 4-27-1701 for domestic corporations and Section 4-27-1702 for foreign corporations?
 3. The Professional Corporations Act, Medical Corporation Act, and Dental Corporation Act refer to the Arkansas Business Corporation Act (Ark. Code Ann. Section 4-26-101 et seq.) as applicable to such domestic and foreign corporations. Are they now governed by the Arkansas Business Corporation Act of 1987?
A.C.A. 2-2-119 must be noted in response to your first question wherein it is stated:
 The provisions of the general corporation laws of this state, and all powers and rights thereunder, shall apply to the associations organized under this subchapter, except where the provisions are in conflict with or inconsistent with the express provisions of this subchapter.
Your question involves the extent and effect of this reference in2-2-119 to "the general corporation laws of this state," in light of the express repeal of the former Arkansas Business Corporation Act (Act 576 of 1965) by Act 958 of 1987 (the new Business Corporation Act). It appears that prior to the enactment of the 1987 Act, the "general corporation laws" of the State included the former business corporation act for purposes of A.C.A. 2-2-119. See, e.g., Robertson v. White, 635 F. Supp. 851, 871-872 (W.D.Ark. 1986). Thus, agricultural cooperatives were subject to the former act, to the extent those provisions did not conflict with A.C.A. 2-2-101 et seq. It must therefore be determined whether the language of 2-2-119 embraces non-conflicting provisions of the subsequent Business Corporation Act.
Courts generally recognize a distinction between two types of reference: an express or specific reference to one or more named provisions of another act will generally be construed as adopting that act as it exists at the time of the reference, and not as including subsequent additions, modification, or repeals. See 1A Sutherland Stat. Const. Legal Commentary p. 722-723 (4th Ed.). A general reference, that is, a reference to a body of laws or general law relating to a specified subject will, on the other hand, ordinarily be regarded as encompassing not only the law in force at the time of the referential act, but also that law as it exists from time to time thereafter. Id.
It is my opinion, based upon the foregoing precepts, that the reference in A.C.A. 2-2-119 falls within the category of "general" references, and as such will be deemed to include the Arkansas Business Corporation Act of 1987 which is codified at A.C.A.4-27-101, et seq. (Supp. 1987).
Thus, in response to your first question, provisions of the 1987 Act that do not conflict with A.C.A. 2-2-101, et seq. will apply to newly formed Agricultural Cooperative Associations.
It should be noted here that a conflict was found between the corporate franchise tax act and the agricultural cooperative associations act, based upon the former act's applicability to corporations doing business for profit. See Jefferson Cooperative Gin, Inc. v. Milam, 255 Ark. 479, 500 S.W.2d 932 (1973). The Court held that the franchise tax act did not subject a non-profit corporation to the tax, nor was that result achieved through language in the agricultural cooperative associations act subjecting the cooperatives to ". . . all other taxes levied in this state." A.C.A. 2-2-123(b)(1). One may contend, based upon this case, that the 1987 Business Corporation Act will not apply to agricultural cooperatives since the definition of "corporation" under that Act does not include nonprofit organizations. See A.C.A. 4-27-140 (Supp. 1987). Yet the ruling in Jefferson Cooperative Gin, Inc. v. Milam emanated in part from the "cardinal rule" that ". . . a tax cannot be imposed except by express words indicating that purpose," and from the well-established precept that ambiguity or doubt must be resolved in favor of the taxpayer. 255 Ark. at 483; citation omitted. It is therefore apparent that other factors unique to the realm of taxation influenced the court's decision in that case.
It is my opinion that the answer to your second question is no. Pertinent provisions of the Business Corporation Act of 1987 are found at A.C.A. 4-27-1701 and 4-27-1702 (Supp. 1987) which state in relevant part as follows:
 This chapter applies to all domestic corporations incorporated on or after its effective date as specified in 4-27-1706. A corporation incorporated prior to such effective date under any general statute of this state providing for incorporation of corporations for profit may elect to be governed by the provisions of this chapter. . . .
A.C.A. 4-27-1701 (Supp. 1987).
A foreign corporation authorized to transact business in this state on or after midnight, December 31, 1987, is subject to this chapter but is not required to obtain a new certificate of authority to transact business under this chapter.
A.C.A. 4-27-1702 (Supp. 1987).
In considering the applicability of these provisions, it must be noted that the terms "corporation" and "domestic corporation" are defined under the Business Corporation Act as "a corporation for profit, which is not a foreign corporation, incorporated under or subject to the provisions of this chapter." A.C.A. 4-27-140(4). "Foreign corporation" means "a corporation for profit incorporated under a law other than the law of this state." A.C.A.4-27-140(10). It may therefore be concluded that 4-27-1701 and4-27-1702 will not apply to Agricultural Cooperatives formed pursuant to A.C.A. 2-2-101, et seq. since those associations are "deemed to be nonprofit." See 2-2-101(b).
The precepts set forth in response to your first question may also be dispositive of your final question. The Arkansas Supreme Court in McLeod v. Commercial Nat. Bank of Little Rock, 206 Ark. 1086,178 S.W.2d 496 (1944) recognized the doctrine that subsequent amendment or repeal of an adopted statute generally has no effect upon the antecedent law unless such intent is expressed or arises by necessary implication. This statement is, essentially, a recognition of the rule applicable to specific references where the legislative body by descriptive reference adopts another statute. Id.
It is significant to note in this regard that the Professional Corporation Act, the Medical Corporation Act, and the Dental Corporation Act all appear to refer specifically to the Arkansas Business Corporation Act as contained in Act 576 of 1965. See A.C.A. 4-29-204, 4-29-302, and 4-29-402, respectively; (Section 2, 4, and 6 of Act 13 of the First Extraordinary Session of 1970). It is therefore my opinion that corporations formed pursuant to these Acts are governed by Act 576 of 1965, the pre-existing Arkansas Business Corporation Act, and not by the 1987 Act, to the extent specified in A.C.A. 4-29-204, 4-29-302, and 4-29-402.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.