In the Matter of the FRANCHISE TAX PROTEST OF FARMERS COOPERATIVE ASSOCIATION OF CLINTON, Oklahoma.

**FARMERS COOPERATIVE ASSOCIATION, CLINTON, Oklahoma, Appellant,**

v.

**STATE ex rel. OKLAHOMA TAX COMMISSION, Appellee.**

No. 85178.

Court of Appeals of Oklahoma, Division No. 3.

Aug. 29, 1995.

Certiorari Denied Feb. 4, 1997.

---

Julia C. Rieman, Enid, for Appellant.

Gregory K. Frizzell, General Counsel, Oklahoma Tax Commission, David Allen Miley, Asst. Gen. Counsel, Oklahoma City, for Appellee.

## OPINION

HUNTER, Presiding Judge:

The Farmers Cooperative Association of Clinton, Oklahoma, (Clinton Coop or Appellant) is an agricultural cooperative association organized under the authority of the Cooperative Marketing Association Act, 2 O.S.1991 § 361 et seq. In 1992, Clinton Coop filed a claim for refund of franchise taxes paid for the three previous tax years, 1989–90 to 1991–92. Since that time, Clinton Coop has paid the assessed franchise taxes under protest. After the Business Tax Division of the Oklahoma Tax Commission denied the claim, Clinton Coop filed a protest of the denial. An administrative law judge of the OTC heard the protest and issued its "Findings, Conclusions and Recommendations," adopted in its entirety by the Oklahoma Tax Commission.

The only issue before the agency for determination was whether Clinton Coop was exempt from franchise tax assessment because it is "neither organized for profit nor operated for profit ..." 68 O.S.1991 § 1206. The Oklahoma Tax Commission found that Clinton Coop was not exempt from franchise taxation. We find that determination erroneous as a matter of law.

Clinton Coop claims it is exempt from payment of the franchise tax because the law authorizing and regulating its organization, 2 O.S.1991 § 361b(e), states:

Associations organized hereunder shall be deemed non-profit, inasmuch as they are not organized to make profit for themselves as such, nor for their members, as such, but only for their members as producers or users of products purchased.

The Legislature specifically stated its intent that the Cooperative Marketing Association Act (Act) be liberally construed to carry out its purpose, that is, to "promote, foster and encourage the intelligent handling, processing and orderly marketing of agricultural products and the organization and incorporation of cooperative marketing associations of agricultural producers ..." 2 O.S.1991 § 361a. After costs are met and the reserve set aside, any "profit", called "patronage dividends," is returned to the coop members in proportion to how much that member used the coop's services.

Appellee, Oklahoma Tax Commission (OTC or Commission) has collected franchise taxes from agricultural cooperatives in Oklahoma since 1939 and from Clinton Coop since the early 1950's pursuant to 68 O.S.1991 § 1206, last amended in 1985. Section 1206 states:

The terms of this article shall not apply to the following institutions, foreign or domestic: Savings and loan associations, small business investment companies licensed under the Federal Small Business Act of 1958, credit unions, trust companies, real estate trusts operating under the Federal Real Estate Trust Act of 1960, insurance companies, including surety and bond companies, retirement or pension funds, savings banks and savings fund societies; *nor to any organization enumerated in Section 1201 of this title if such organization is neither organized for profit nor operated for profit, irrespective of the form of organization.* (emphases ours).

For clarification, Article 12 of the tax code is the franchise tax code, and Section 1201 applies the franchise tax to all corporations organized under Oklahoma law or doing business in Oklahoma.

The essence of Clinton Coop's contention is that, so long as it is acting lawfully within the scope of its Act, it is exempt from the franchise tax because the Legislature has *deemed* it nonprofit. Commission argues that profit is involved and that it therefor cannot be said that Clinton Coop is neither organized for profit nor operated for profit.

We find that the Legislature knew what agricultural cooperatives were and how they were organized and operated when they

wrote the Act and stated its intent. The patronage dividends are authorized by the very same Act in which the Legislature deemed agricultural marketing cooperatives "nonprofit." 2 O.S.1991 § 361*l* (d). There is no need to construe the statutes. Pursuant to the Cooperative Marketing Association Act, associations organized under the Act are nonprofit and exempt from franchise taxes.

The State of Arkansas' law is similar to ours in that its "agricultural cooperatives (although not eleemosynary) are deemed to be non-profit, existing solely for the purpose of making a profit for the members in their individual capacities as producers." *Jefferson Cooperative Gin, Inc. v. Department of Finance & Administration for the State of Arkansas,* 255 Ark. 479, 500 S.W.2d 932, 934 (1973). By express statutory language, our Legislature has removed Clinton Coop, and like cooperatives, from a "for profit" categorization.[1] They are not subject to levy of the franchise tax. As the Supreme Court of South Carolina stated, "the principal objective, therefore, of a cooperative is to increase returns to its members as producers of agricultural commodities. The cooperative, as a legal entity, does not in a legal sense make a profit on the produce marketed for its members." *Coble Dairy Products Cooperative, Inc. v. Livingston,* 239 S.C. 401, 123 S.E.2d 301, 303 (1961).

For these reasons, we find the Oklahoma Tax Commission erred when it failed to grant Clinton Coop's protest. We reverse its order and remand this matter to the Commission to enter an order consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.

HANSEN, J., *concurs.*

ADAMS, J., *dissents.*

---

1. The "not-for-profit" label is supported by the facts. Cooperatives are member owned, organized to buy and sell the members products. Interest on stock, for instance, is limited to 8% per year, a device which keeps nonmembers from investing. Cooperatives are required to keep a reserve account and no patronage dividends can be disbursed until after that account is satisfied. Because a cooperative must have the reserve account and because agriculture still depends on natural variables, the cooperative must strive for above-cost revenue.